118   393
123   146

[Sac. No. 88. In Bank.—September 25, 1897.]

THE PEOPLE ex rel. WARREN F. DREW, Respondent, v. JOHN B. RODGERS, Appellant.

OFFICE—VACANCY—CHIEF OF POLICE OF SACRAMENTO—ELECTION OF INELIGIBLE PERSON—INCUMBENCY—CONTEST—ANNULMENT OF ELECTION—APPOINTMENT—ELECTION FOR UNEXPIRED TERM.—Where the election of a person to the office of chief of police for the city of Sacramento was contested on the ground that he was not at the time of the election eligible to the office, and, as a result of the contest, his election was declared void and annulled on that ground, while he was an incumbent of the office, his predecessor having surrendered the incumbency to him upon his apparent election and qualification, the decision of a competent tribunal finally declaring his election void, created a vacancy within the terms of subdivision 10 of section 996 of the Political Code, which was properly filled by appointment until the ensuing municipal election, at which an incumbent was properly elected for the unexpired term.

ID.—RIGHTS OF PREVIOUS INCUMBENT—EFFECT OF SURRENDER.—The right of the previous incumbent to hold over until his successor is elected and qualified has no application where he surrendered the incumbency of the office upon the apparent election and qualification of his successor, and he cannot thereafter resume his functions upon the ground that the election of his successor was declared void and annulled on the ground of his ineligibility, after he had entered upon the duties of the office.

ID.—QUO WARRANTO—EVIDENCE—JUDGMENT IN ELECTION CONTEST—DIFFERENT PARTIES—ESTOPPEL NOT MUTUAL.—In an action brought by the attorney general in the name of the people upon relation of the previous incumbent of the office to oust the person elected for the unexpired

term, the judgment rendered in an election contest annulling the previous election of the same person on the ground of ineligibility at suit of another elector, not a party to the quo warranto proceeding, is not admissible in evidence, and cannot estop the defendant from proving his original eligibility in that proceeding, there being no mutuality in the estoppel of the judgment, which does not bind the people.

1D.—CESSATION OF OFFICE—NEW CITY CHARTER—ABATEMENT—MOTION TO DISMISS—RIGHTS OF RELATOR—DAMAGES FOR USURPATION.—The fact that the office in controversy has ceased through the adoption of a new city charter, is not ground for abatement of the *quo warranto* proceeding, as, under the statute governing the subject, if the relator should be found entitled to the office he would be entitled to recover any damages sustained through usurpation of the office by the defendant, and the prosecution of the proceeding is essential to determine whether he has a right to such damages.

APPEAL from an order of the Superior Court of Sacramento County denying a new trial. A. P. Catlin, Judge.

The facts are stated in the opinion of the court.

Robert T. & William H. Devlin, for Appellant.

Johnson & Johnson, Charles T. Jones, and W. F. Fitzgerald, Attorney General, for Respondent.

HARRISON, J.—At the municipal election of the city of Sacramento, held in March, 1890, the relator was elected to the office of chief of police, and the first section of the act under which he was elected (Stats. 1871-72, p. 243) provided that he should enter upon the duties of his office on the first day of the month next succeeding his election, and should hold his office "for the term of two years, and until his successor is elected and qualified." At the city election in 1892 the appellant received a majority of the votes cast for that office, and, having been duly declared elected, received a certificate of election and entered upon the duties of his office. At the time of his election he was not eligible to the office for the reason that he did not become a citizen of the United States until February 26, 1892, less than ninety days prior to the election. (Pol. Code, sec. 1083.) In a proceeding instituted by an elector of the city contesting his right to hold the office, a judgment was rendered by the superior court of Sacramento county June 17, 1892, setting aside the election by reason of his ineligibility, and an-

nulling the certificate that had been issued to him. ᐟThis judgment was affirmed on appeal to this court, December 19, 1893. (*Drew v. Rodgers*, 34 Pac. Rep. 1081.)   After this judgment had been rendered by the superior court, viz., June 27, 1892, the board of trustees of the city declared that the office was vacant, and appointed the appellant thereto, whereupon he qualified for the office and continued to exercise its duties, and at the municipal election in 1893 he was elected to the office, received his certificate of election, and took the oath of office and filed the bond required by law.   The present action was brought in April, 1893, by the attorney general, for the purpose of ousting the defendant from the office and declaring that the relator is entitled thereto.   In this proceeding a judgment was rendered by the superior court that the relator had been entitled to the office since April 1, 1890, and that the defendant had since that time illegally intruded into and held the office, and directed that he be excluded therefrom.   A motion for a new trial was made upon a statement of the case and denied, and from this order the defendant has appealed.

Section 13 of the aforesaid act of 1872 (Stats. 1871-72, p. 246) authorized the board of trustees of the city to appoint a chief of police, "in case of a vacancy in the office," and provided that the person so appointed should hold the position "until the next city election, at which time a chief of police shall be elected to fill the unexpired term."   If, therefore, there was a vacancy in the office on the 27th of June, 1892, the trustees were authorized to make the appointment, and the defendant thereafter was lawfully in the exercise of the duties of the office.

Mechem, in his treatise on Public Offices and Officers, says, section 126: "A vacancy exists when there is no person lawfully authorized to assume and exercise at present the duties of the office."   Section 996 of the Political Code declares that "an office becomes vacant on the happening of either of the following events before the expiration of the term. . . . . 10.   The decision of a competent tribunal declaring void his election or appointment."

The proceedings in the case of *Drew v. Rodgers, supra,* were had by virtue of the provisions of section 1111 of the Code of Civil Procedure, which authorizes the right of any person declar-

ed to be elected to an office to be contested: "2. When the person whose right to the office is contested was not at the time of the election eligible to such office." In those proceedings the election of the appellant was declared void and was annulled by reason of his ineligibility to the office; but, inasmuch as he received a majority of the votes cast at the election, the court was not authorized to declare that any other person was elected. (*Saunders v. Haynes*, 13 Cal. 145; *Searcy v. Grow*, 15 Cal. 118; *Crawford v. Dunbar*, 52 Cal. 36.) There were thus presented the precise circumstances contemplated by the above provision of the Political Code. The election of the defendant had been contested on the ground that he was ineligible to the office, and a competent tribunal had decided that the election was void. The defendant was up to that time in the incumbency of the office, and in the exercise of its duties by virtue of his election. The term for which his predecessor had been elected had expired, and his predecessor, instead of contesting the right of the appellant to hold the office, had ceased to perform its duties, and could not thereafter be required to resume its functions. Whether, if the relator had continued to hold the office, and had himself contested the right of the appellant thereto, he would be entitled to remain in possession after the judgment of the court until the election of a successor, is a question that does not arise in the present case, and need not be determined. His surrender of the office to defendant, and the subsequent judgment of the court that the election of the defendant was void, created a vacancy which was to be filled by appointment, and, after this vacancy had been filled by the appointment of another, the person so appointed became entitled to hold the office until it should be filled by another election, and authorized the election of the appellant for the unexpired term at the city election in 1893. The provision in the first section of the aforesaid act that the chief of police should hold office until his successor should be elected and qualified had no application. An election to fill the office, regular in all respects, had been held, and the electors of the city had at that election chosen the defendant by a majority of their votes to be the successor of the relator, and he had qualified for the office and entered upon its duties. By reason of certain extrinsic facts he was held not to be entitled to retain

the office; but he had nevertheless been elected as the successor of the relator, and had qualified for the office and entered upon its duties. In *People v. Tilton,* 37 Cal. 614, it was held that the incumbent was entitled to continue in office, and that there was no vacancy to be filled by the governor, for the reason that the legislature had failed to make an election. That case, therefore, and others dependent upon it, are inapplicable to the facts of the present case.

The court erred in admitting in evidence the judgment-roll in the case of *Drew v. Rodgers, supra,* and in holding that the defendant was estopped thereby from proving that he had been a citizen of the United States for more than ninety days prior to the election in March, 1892. The judgment was not between the parties to the present action, nor was it between the relator and the defendant. If the judgment in that action had been in favor of the defendant, the people would not have been precluded in the present action from showing that he was not in fact a citizen at the date of the election, and there would be, therefore, no mutuality in the estoppel of the judgment. It would open the door to collusion to hold that any elector, by contesting the validity of an election, could bind the people by suffering a judgment in favor of its validity.

On the 1st of January, 1894, a new charter for the city of Sacramento went into effect, and as the trial of the present proceeding was not had until after that date the defendant asked its dismissal upon the ground that the office involved herein, as well as its term, had ceased to exist. The court rightly denied the motion. Under the statute governing the subject, if the relator should be found entitled to the office, he would be entitled to recover any damages which he might have sustained by reason of its usurpation by the defendant (Code Civ. Proc., sec. 807), and the prosecution of the proceeding is essential to determine whether he has a right to such damages. Where a proceeding of this nature is instituted during the term in which the usurpation is alleged to exist, the action does not abate merely by reason of a failure to bring it to a judgment before the expiration of such term. (See *People v. Hartwell,* 12 Mich. 508; 86 Am. Dec. 70; *State v. Pierce,* 35 Wis. 93; *People v. Loomis,* 8 Wend. 396; 24 Am. Dec. 33; *Commonwealth v. Smith,* 45 Pa. St. 59.)

The order denying a new trial is reversed.

Garoutte, J., Temple, J., and Henshaw, J., concurred.

McFarland, J., dissented, and adhered to opinion delivered in Department.

The following is the opinion rendered in Department Two on the 6th of November, 1896, referred to by Mr. Justice McFarland:

BRITT, C.—Action for the usurpation of an office. It was commenced by the attorney-general as early as April 29, 1893, and brought to trial February 7, 1894. By its judgment the court declared that the relator, Drew, is entitled to the office of chief of police in the city of Sacramento, and has been so entitled since the 1st day of April, 1890; that defendant Rodgers usurps and intrudes into such office, and has wrongfully held the same and exercised its functions since April 1, 1893; that the relator be admitted and restored to such office, and that defendant be ousted and excluded therefrom.

Drew was elected to said office at the city election held in March, 1890, for the term commencing April 1st following, under a statute providing that he should hold "for the term of two years and until his successor is elected and qualified." (Stats. 1871-2, p. 243.) The same act (p. 246) provided that in case of a vacancy in the office the board of trustees of the city might fill the same by appointment until the next city election, at which time a chief of police should be elected for the unexpired term.

At the city election in March, 1892, Rodgers received a majority of the votes cast for said office, and the proper canvassing board declared him elected thereto for the term next ensuing; but on June 17, 1892, in a proceeding to contest his right, instituted in the superior court under section 1111 of the Code of Civil Procedure, he was adjudged to be ineligible to the office by reason of alienage, and his election was annulled; he appealed, and the judgment was affirmed by this court in December, 1893. (*Drew v. Rodgers*, 34 Pac. Rep. 1081.) However, in April, 1892, he forcibly dispossessed the relator of said office, and thenceforward performed its duties; but the relator was at

all times ready and willing to perform them, and claimed to be the lawful incumbent.

The difficulty of Rodgers' alienage having been removed by his naturalization, the board of trustees of the city, on June 27, 1892, in form appointed him chief of police to hold until the next city election; this on the assumption that a vacancy existed in the office; and at the next election in March, 1893—not the regular time for electing to the office in question—he was again the person receiving the highest number of votes for said office, and was declared elected accordingly. In January, 1894, the new charter of the city of Sacramento went into operation; by its provisions the office of chief of police was created, but made appointive instead of elective, and it is conceded that the office of that name previously existing was abolished. (Stats. 1893, pp. 588, 611.)

Appellant contends that by his formal election and qualification in March, 1892, a successor to the relator in said office was elected and qualified within the meaning of the statute permitting the latter to hold over until the occurrence of that event and after the expiration of his prescribed term of two years, and that thus such contingent right of the relator to a prolongation of his term was cut off. We differ with appellant; ineligibility for an office means incapacity to be elected or otherwise chosen thereto; Rodgers was affected with such incapacity in March, 1892, and the votes cast for him were "ineffectual for the purpose of an election." (*Saunders v. Haynes,* 13 Cal. 154; *Dryden v. Swinburn,* 20 W. Va. 137, and cases cited.) There being thus a failure to elect a successor to the relator, the contingency arose upon which he had the right to an extension of his original term. It is claimed that the whole matter is. disposed of in appellant's favor by the decision in *People v. Ward,* 107 Cal. 236; but in that case—in which the writer was of counsel—the successor had been duly elected and had properly qualified, and the question presented differed widely from that involved here. It results that the alleged appointment of defendant to the office on June 27, 1892, was void because there was then no vacancy. (*People v. Tilton,* 37 Cal. 614; *People v. Edwards,* 93 Cal. 153.) And for the same reason the election of Rodgers for the unexpired term in March, 1893, was

void; the statute requiring an election for this office in the even-numbered years and permitting it at other times only in case of a vacancy. (Stats. 1871-72, pp. 243, 246.)

The court rightly refused the offer of evidence at the trial that while defendant was yet a minor his mother was married to a citizen; the object being to show that he was really eligible for the office in March, 1892, although the precise matter had been put in issue in the previous case of *Drew v. Rodgers, supra,* and decided against him; the judgment-roll in that action was in evidence at the trial of this. True the parties and the causes of action are not identical; and Drew, the contestant in that case, was a different person from the relator here; but that was a proceeding prosecuted for the purpose of trying the very question whether Rodgers' election was not void because of his ineligibility (Code Civ. Proc., sec. 1111); it was a matter of public concern (*Lord v. Dunster,* 79 Cal. 477) involving the political and legal relations of the contestee, and we see no reason to doubt that the nullity of his election there determined was conclusive upon him in the present action. (Code Civ. Proc., sec. 1908, subd. 1.)

It is further argued that the court should have dismissed the proceeding, or have granted a nonsuit, because by the new charter of the city the office in controversy had been abolished before the case came on for trial. Under the statute governing the subject, the removal of the usurper is not the sole object which is, or may be, accomplished by the proceeding; judgment may be rendered upon the right of the defendant and also upon the right of the party, if any, alleged to be entitled to the office; if against the defendant, he must. pay the costs, and, at the court's discretion, a fine; it is also the foundation of a recovery by the rightful claimant of damages occasioned by the usurpation. (Code Civ. Proc., secs. 805, 807, 809.) When, as in this instance, the action has been brought during the usurpation, and such consequences may flow from the judgment, it ought not to be held that the action must abate merely because efflux of time, or other circumstance which does not toll the legal wrong of the intrusion, has put a period to the disputed term. And to this effect is the decided preponderance of authority. (*People v. Hartwell,* 12 Mich. 508; *State v. Pierce,* 35

Wis. 93; *Hunt v. Chandler*, 45 Mo. 452; *People v. Loomis*, 8 Wend. 396; *Commonwealth v. Jackson*, 45 Pa. St. 59.) Some cases cited by appellant—to which may be added *Hurd v. Beck* (Kan.), 45 Pac. Rep. 92—are distinguishable; they proceed on the assumption that after the expiration of the usurped term no substantial right was involved.

The judgment is not in form appropriate to the state of the case at the time of trial—the office having been abolished; but it cannot be corrected on this appeal, which is from an order denying a motion for a new trial only. There is no error in the record available to defendant, and the order appealed from should be affirmed.