[S. F. No. 3383. In Bank.—October 16, 1903.]

# JOHN COGHLAN et al., Respondents, v. GEORGE W. ALPERS et al., Appellants.

ELECTION CONTEST—SUPERVISORS—CONSOLIDATION OF SEPARATE CONTESTS —DISCRETION.—The trial court has discretion to consolidate for the convenience of trial fifteen separate contests of the election of eighteen supervisors under the charter of the city and county of San Francisco, instituted by candidates who were not declared elected.

ID.—EFFECT OF ORDER FOR CONSOLIDATION—PLEADINGS—FINDINGS AND JUDGMENT—COSTS.—The order of consolidation of such separate contests for the purpose of trial, does not have the effect to make any contestant responsible for the pleadings or proceedings of any other contestant; and the findings and judgment must determine the right of each party with respect to his particular proceedings the same as if there had been no consolidation, except as to an equitable apportionment of costs jointly incurred, or provision for one payment only of costs awarded for the same sum in favor of different parties.

ID.—CONTROL OF PROCEEDINGS BY CONTESTANTS—DISMISSAL.—Notwithstanding the consolidation of the contests for the convenience of trial, the contests remain distinct and several, and any one of the contestants may dismiss his contest if he chooses, or may, under ordinary circumstances, dismiss as to such of the contestees as he may choose.

ID.—BURDEN UPON CONTESTANT—OUSTER OF APPEALING CONTESTEE.— The contestant, in order to succeed to the office, has the burden of showing title in himself, and he cannot oust an appealing contestee, unless he shows that such appealing contestee is not one of the eighteen elected.

ID.—RIGHTS OF APPEALING CONTESTEE—PLEADINGS—FULL COUNT OF BALLOTS—ERRONEOUS CONTEST.—Where the original eighteen supervisors declared elected were made contestees in each statement of contest as originally filed, though the scope of the inquiry is limited by the pleadings, and contestees not pleading the rights of third parties not before the court, cannot rely upon such rights to defeat a contestant; yet, when the pleadings in favor of each contestant put in issue the relative vote of each original contestee, as compared with that of the contestant, each appealing contestee has the right, notwithstanding dismissals of other contestees, to insist upon a full count of all the ballots in favor of all the original contestees for the purpose of showing, if possible, that though the appealing contestee appears to have less votes than a contestant respondent, *that another original contestee received fewer votes than*

such appealing contestee and that the contestee must therefore fail, because his contest is against the wrong party.

ID.—ERROR OF COURT—REFUSAL TO COUNT BALLOTS.—It was error for the court to refuse to count all ballots which purported to be votes for some one of the original eighteen contestees declared elected, though not containing any vote for either of the parties finally remaining before the court, after dismissal of some of the contestees.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

Riordan & Lande, and Maurice L. Asher, for Appellants.

Kierce & Gillogley, for Respondents.

SHAW, J.—This is an appeal by two of the contestees from a judgment of the superior court in a consolidated proceeding to contest the election of certain persons declared elected supervisors of the city and county of San Francisco, at the election held in said city and county on the fifth day of November, 1901.

The charter of San Francisco provides that the board of supervisors of said city and county shall consist of eighteen members. The canvassing board, held after the election of 1901, duly declared that eighteen persons who were candidates at said election were elected as such supervisors. Thereafter, fifteen separate contests were instituted in the superior court of San Francisco by fifteen different candidates at said election for said offices who were not declared elected. All of the eighteen persons declared elected by the canvassing board were made contestees in each statement of contest as originally filed, and the statement in each case alleged that there was counted for each of said eighteen persons so declared elected 1,515 votes more than were actually received, and that there were counted for the contestant 4,545 votes less than he actually received, and that the contestant received more votes than either of the contestees. Subsequently, over the objection of the appellants here, the superior court made an order consolidating all of these contests. This order is assigned as error.

There is no doubt that it was within the discretion of the court, for the purposes of trial, to make an order consolidating the causes so that they could be tried together in one proceeding, thereby allowing the court to hear the witnesses and the evidence but once, instead of fifteen times, and to allow the proceedings to be conducted substantially as one trial. This order, however, would not have the effect of making each contestant responsible for the pleadings or course of proceeding of any other contestant. The findings and judgment, respectively, although each might be embraced within one document, would have to state the right of each party with respect to his particular pleading, the same as if there had been no consolidation. Costs would be allowed and judgment given therefor in the same manner as if the cases had not been consolidated, except that if any item should be incurred by two or more parties jointly, the court should either apportion the amount equitably among them, or provide in the judgments that there should be but one payment by the party held liable in case separate judgments were given for the same sum in favor of different parties. In either event, the consolidation would not be prejudicial to the appellant.

Afterwards, and during the trial, eleven contestants, over the objection of these appellants, dismissed their proceedings, and the remaining four contestants, against like objection by the appellants, dismissed their contests as to all of the contestees except four, these appellants being among the four retained. Although consolidated, the contests, as before stated, remained distinct and several as before, and each contestant would retain the right to dismiss his proceedings if he chose. He would also, under ordinary circumstances, have the right to dismiss as to such of the contestees as he chose. The appellants, however, contend that they have the right to have all the other parties originally brought in remain before court, and have all the ballots counted, because they say that, although the contestants received more votes than either of the appellants, yet, upon such a count, it may appear that some person not a party received more votes than some one of the successful contestants, or that some of the contestees received a less number of votes than the appellants or one of them.

In the first-mentioned event it is claimed that the contestant receiving less votes than another candidate not a party could not be declared elected by the court, and that the appellants, or one of them, would retain possession of the office by virtue of holding the certificate. The code declares that if "it appears that another person than the one returned has the highest number of legal votes, the court must declare such person elected." (Code Civ. Proc., sec. 1123.) The contestant, in order to succeed to the office, must show title in himself. (*Calverly* v. *Shank*, 67 S. W. (Tex. Civ. App.) 434.) And as the third person could not be invested with the office, because he is not, and never was, a party to the action, it would follow that the appellant having received the next highest number of votes, and having the certificate, would take the office. The same question is raised by the objection to the action of the court in refusing to enter into a general count of the ballots. It appears that the court · excluded from the count more than ten thousand ballots which did not show a vote for any of the four contestees or four contestants remaining before the court. The scope of the inquiry in cases of this sort, as in every other action, is limited by the pleadings. It would have been proper for either of the contestees, under the circumstancs of this case, to state in his answer facts showing that, although the contestant had received more votes than such contestee, still some other person not declared elected, and not a party to the proceeding, had received more votes than the contestant, and this fact, if proved, would have been sufficient to defeat the contestant, although it would also prevent a judgment declaring the contestee elected. But there is no issue of this character embraced in the pleadings. There are allegations that there were other candidates voted for in addition to the contestants and the persons declared elected, but there is nothing in the pleadings in the nature of a claim that either of these outside parties received more votes than either contestant, or indeed any considerable number of votes. The claim that such persons might have received more votes than the contestants was made upon the trial, and not before. Each contestee in drawing his answer was content to rest his case upon the question whether he or the contestants, or some other con-

testee, had received the higher number of votes, and the appealing contestees cannot now be heard to complain because the court below did not enlarge the inquiry by going outside the issues to determine whether or not some other person not a party to the proceeding did not receive more votes than either, with a view of defeating the claim of the contestant and allowing the contestees to hold the office by virtue of mere possession. The parties should not be permitted to thus speculate upon the chance of there being a large number of imperfect or void ballots of which they knew nothing when they framed their pleadings. It is enough that they can do so when they have laid the foundation in their pleadings by averments on information and belief of facts which are in many cases merely suspected to exist.

A different question is presented by the second proposition, that a full count of the ballots would have shown that some other contestee, as to whom the proceedings were dismissed, received a less number of votes than some one, or both, of the appealing contestees. This question is also raised by the objection to the refusal of the court to count all the ballots.

The respondents make a preliminary objection to the consideration of this question here, upon the ground that this court is without jurisdiction to entertain it. They have moved to dismiss the appeal on the ground that notice of appeal was not served upon any of the original eighteen persons, parties to the respective contests, except the four as to whom the contests were not dismissed. And upon this they contend that if the result of such a count should be to disclose that some of the other contestees received a less number of votes than either of the contestees or contestants who are properly before this court on appeal, then there must be a judgment vacating the decision of the canvassing board as to such party and declaring him not elected, and that this cannot be done because he has not been served with notice of the appeal. If this were the only result that could happen in the contingency mentioned, the contention would have to be sustained. We have no jurisdiction to decide against a person interested who is not brought before the court by the proper notice.

But this is not the only result that would ensue. Although the proceedings have been dismissed as to all the contestees except Alpers, Eggers, Bent, and Wilson, yet the statements

of contest, which constitute the pleadings in the four remaining cases, remain unaffected so far as the allegations are necessary to constitute good ground of contest against the remaining contestees and in favor of the remaining contestants. Each of these statements, as before stated, contains allegations showing malconduct of the board in miscounting the vote received by each of the eighteen original contestees, and in failing to count votes for the contestant, which, if counted, would have made his poll higher than either of the persons so declared elected. The pleadings, therefore, put in issue the question of the relative vote of each original contestee, as compared with the vote for each contestant. Each appealing contestee had the right to show, if he could, that although the contestant received more votes than he, yet that some other contestee received fewer votes than such appealing contestee, and therefore that the contestant must fail in his action because he has begun his contest against the wrong party, or, in other words, to show that by counting all the votes it would be found that both the contestee and the contestant were elected, and that the person who received a number of votes too small to place him in the list of the eighteen having the highest vote was some one of the contestees as to whom the action was dismissed, and that the contestant must fail as against the contestee objecting. In such an event the contestee appealing would be elected, and could not be ousted by the judgment of the court. The fact that he received fewer votes than the contestant would not deprive him of the right to the office, if, notwithstanding that fact, he still had enough votes to elect him as one of the eighteen members of the board. The mere fact that A, who was declared elected, did not receive as many votes as the contestant B, who was declared not elected, does not prove that A was not elected, for C, who was also declared elected, and who was dismissed out of the case, may have received fewer votes than either A or B, and in that case B, the contestant, should have maintained the contest against C instead of A. A defendant in such a contest cannot be ousted unless it appears that he was not elected to the office, and the contestant assumes the burden of showing that fact. Each contestee, therefore, had the right to have all the ballots claimed

to be votes for each of the original contestees counted for the purpose of showing, if possible, that when all were counted he would still stand among the eighteen having the highest number of votes. It was error for the court to refuse to count ballots which purported to be votes for some one of the original eighteen declared elected, but which did not contain a vote for either of the eight parties remaining before. the court. For this error the judgment must be reversed and the cause remanded for a new trial, and it is so ordered.

Angellotti, J., Van Dyke, J., Henshaw, J., and Lorigan, J., concurred.

Rehearing denied.