[Civ. No. 440. First Appellate District.—December 19, 1907.]

JAMES H. CAMPBELL, Contestant and Appellant, v. ARTHUR M. FREE, Respondent.

ELECTION CONTEST—ELECTION OF INELIGIBLE CANDIDATE—FEDERAL OFFICER.—The election of a candidate by a majority of the votes cast, who was ineligible by reason of his holding the federal office of postmaster at the time of the election, cannot have the effect to cause the election of an eligible candidate having a less number of votes, but must be annulled as invalid.

ID.—COSTS UPON ANNULMENT.—Where an election is annulled upon a contest, a judgment for costs must be rendered in favor of the contesting party against the party whose election was contested.

APPEAL from a judgment of the Superior Court of Santa Clara County. M. H. Hyland, Judge.

The facts are stated in the opinion of the court.

John E. Richards, C. C. Coolidge, James P. Sex, and H. S. Bridges, for Appellant.

Rogers, Bloomingdale & Free, for Respondent.

COOPER, P. J.—This proceeding was brought by plaintiff as contestant to determine the question as to who, if anyone, was elected to the office of district attorney of the county of Santa Clara at the general election held in November, 1906, and to have it declared that the election of respondent be annulled and set aside. The trial court, upon its findings, ordered judgment, annulling and setting aside the declaration of the official board of canvassers, and declaring void the alleged election of respondent, but refused to declare the appellant elected to said office. This appeal is from the judgment so entered.

Respondent does not question the judgment annulling the election as to him. Appellant contends that it should have been further adjudged that he was duly elected to the said office. The record contains many questions as to rulings on ballots, and as to whether or not certain ballots were properly rejected or counted. It is, however, to the credit of counsel, conceded that if the ruling of the court was correct on the main question, the ballots concerning which the rulings are questioned, however counted, would not change the result. All other questions are, therefore, eliminated, except the single one as to whether or not the appellant was elected to the office of district attorney at the said election.

The facts material to the question, as found by the court, are as follows: Respondent received at said election 5,840 legal votes, and appellant 5,748. The respondent, at the time of said election, held the office of postmaster at Mountain View, with a compensation exceeding $500 per annum, and was, therefore, ineligible to the office. The constitution provides (art. 20, sec. 13) that a plurality of the votes given at an election shall constitute a choice; and the Political Code (sec. 1066) states that "the person receiving at any election the

highest number of votes for any office to be filled at such election is elected thereto.'' The appellant did not receive the plurality of the votes given at the election. He contends that the votes cast for respondent should not be considered in any manner in the count, for the reason that the respondent was ineligible; that the case should be determined in the same manner as if the votes respondent received had been cast for the King of England or the man in the moon. To such doctrine we cannot accede. The respondent was a citizen of the state, a resident and elector of the county, and it does not appear that he even knew of his own ineligibility. The law contemplates that the electors shall decide the question as to who shall be elected to an office, and that it is necessary to a choice that someone legally qualified shall receive a plurality of the ''votes given at the election.'' The appellant did not receive such plurality. The votes cast for respondent were votes given at the election. It is not necessary to discuss the question as to the effect of votes given for a name in mythology, or to someone whose name has come down in history, as Julius Cæsar, or Mohammed. In such case the elector would clearly appear not to have intended to express his choice as to who should hold the office. The electors usually take a pride and an interest in casting their votes for the person or candidate of their choice, not as an idle act, but with a view of giving the office, with its honors and emoluments, to such person or candidate. If the person for whom such votes are cast is ineligible, the votes are not to be counted for the next highest candidate on the list. If a majority of the voters, either by mistake of law or of fact, happen to cast their ballots for an ineligible candidate, it does not follow that the next highest on the list would receive the office. The votes, if given in good faith, for a person who is a candidate for the office, and who afterward is found to be ineligible, are notwithstanding legal votes. It sometimes happens, notwithstanding all care, that a political convention nominates a person to an office who is afterward found to be ineligible, and that such fact was not only unknown to the convention which nominated him, and to the voters, but also unknown to himself. In such case it is consistent with the theory of our institutions, and the right of the people to have officers of their own choosing, to consider the election void, because it is not an expression of the will of the people by a plurality of

the votes cast. Any other rule might result in giving an office to a very incompetent or dishonest man who received only a few votes. In the case at bar one Brandt received 407 votes out of about 12,000 cast for the office of district attorney. Suppose the appellant was also ineligible to that office; if his views are correct the courts would have to declare Brandt the duly elected district attorney.

The views we have expressed are supported by decisions in our own state. (*Saunders* v. *Haynes,* 13 Cal. 145; *Crawford* v. *Dunbar,* 52 Cal. 36; *People* v. *Rodgers,* 118 Cal. 393, [46 Pac. 740, 50 Pac. 668].) In the latter case it is said: "The election of appellant was declared void, and was annulled by reason of his ineligibility to the office; but inasmuch as he received a majority of the votes cast at the election, the court was not authorized to declare that any other person was elected."

The same rule prevails in Pennsylvania. (*Commonwealth* v. *Cluley,* 56 Pa. St. 270, [94 Am. Dec. 75].) It is there said: "Even in England it has been held that votes for a disqualified person are not lost or thrown away, so as to justify the presiding officers in returning as elected another candidate having a less number of votes, and, if they do so, a *quo warranto* information will be granted against the person so declared to be elected on his accepting office. Under constitutions such as ours there are even greater reasons for holding that a minority candidate is not entitled to the office if he who received the highest number of votes is disqualified"; and in New York (*People* v. *Clute,* 50 N. Y. 451, [10 Am. Rep. 508]); and in Michigan (*People* v. *Molitor,* 23 Mich. 341); and in Kentucky (*Howes* v. *Perry,* 92 Ky. 260, [36 Am. St. Rep. 591, 17 S. W. 575]); and in West Virginia (*Dryden* v. *Swinburne,* 20 W. Va. 89); and in Arkansas (*Sweptson* v. *Barton,* 39 Ark. 549); and in Missouri (*State* v. *Walsh,* 7 Mo. App. 142; *State* v. *Vail,* 53 Mo. 97).

In Indiana the rule appears to be to the contrary, but we do not approve of the doctrine as laid down in the cases from that state.

In the judgment, after annulling and setting aside the election of respondent, the court directed "that each party pay their own costs." This is not in accord with the plain mandate of the statute in regard to election contests (Code Civ. Proc., sec. 1125), which provided at the time of this contest

that "if the election is annulled and set aside, judgment for costs *must* be rendered against the party whose election was contested in favor of the party contesting the same."

The trial court is directed to modify the judgment by striking therefrom the portion quoted, and inserting in lieu thereof "and the contestant is entitled to judgment for costs against respondent"; and as so modified the judgment is affirmed.

Hall, J., and Kerrigan, J., concurred.