[Civ. No. 859.   Third Appellate District.—November 8, 1911.]

## WEST DULEY, Contestant, Respondent, v. THOMAS E. PEACOCK, Contestee, Appellant.

COSTS—RIGHT OF RECOVERY STATUTORY—BASIS OF DISCRETION OF COURT. The right to recover costs is purely statutory, and, in the absence of a statute, no costs can be recovered by either party. Assuming that the legislature would have the constitutional right to enact legislation making the recovery of costs in the discretion of the court, the question whether the matter of costs in a given case rests in the discretion of the court must depend upon whether the legislature has committed such discretion to the court.

ID.—COSTS IN CONSOLIDATED ELECTION CONTESTS—CONSTRUCTION OF STATUTE—DISCRETION OF COURT—APPORTIONMENT BETWEEN LOSERS —ERRONEOUS JUDGMENT.—Where contests of election for different offices were consolidated under the statute, for convenience in counting the votes and to lessen the expense of separate contests, the proviso added by the amendment of 1907 to section 1125 of the Code of Civil Procedure (which section still provides for the recovery of costs against the losing party to a contest), "that where two or more contested elections are joined for the purpose of recounting votes, as in this title provided, the costs shall be apportioned among the parties, in the discretion of the court," must be construed to mean a just apportionment of the costs and expenses of the contest, as against the losing parties thereto, in the sound discretion of the court; and it was error to adjudge that each of the parties to the contest should pay his own costs.

ID.—HARMONIOUS CONSTRUCTION OF STATUTE AS TO COSTS.—It being undisputed that, in each separate contest, it is the duty of the court, under the plain mandates of section 1125 of the Code of Civil Procedure, to award costs to the victorious party, the statute

providing for a joinder of contests should be harmoniously construed with the purpose of the legislature to make such award; and there is no just reason why the victorious parties in a single proceeding involving the right to different offices should not each be awarded costs, just as they would be if their respective contests were each tried alone, or not so joined, the only difference being that there should be an equitable apportionment of the joint expense as to each losing party, liable therefor in a consolidated contest.

ID.—PURPOSE OF STATUTE AS TO JOINDER OF CONTESTS.—The purpose which the legislature had in view in authorizing the joinder of election contests was to make the expense in prosecuting the same less onerous, the bulk of which flows from the necessity of employing special clerks to examine, count and tally the ballots under the supervision of the court, as well as to save time and trouble to the court, which would otherwise be compelled to hear several different contests in as many different proceedings, where all may just as conveniently be heard in one.

ID.—JUST GROUND FOR EQUITABLE APPORTIONMENT OF EXPENSE—JOINDER OF TOWNSHIP AND COUNTY OFFICES.—There is a limited, but just, ground for an equitable apportionment of expense in the consolidation of contests, since the special contest here involved was for a township office, while the other contest was for the office of county clerk, the expense of which could only be saved in so far as the joint count of the township ballots was commensurate. It is only where any item is incurred by two or more parties jointly that the court should apportion the amount equitably between them as to the liability of the losing parties.

APPEAL from a judgment of the Superior Court of Del Norte County. J. L. Childs, Judge.

The facts are stated in the opinion of the court.

J. F. Quinn, and James McNulty, for Appellant.

Geo. W. Howe, for Respondent.

HART, J.—The contestant and contestee were rival candidates for the office of supervisor for the fourth supervisor district of Del Norte county at the general election held on November 8, 1910.

The official canvass of the ballots cast in the several precincts of said supervisor district disclosed the election of the contestee to said office, and his election thereto was thereupon

officially declared by the board of supervisors of said county, sitting as a board of canvassers.

On December 17, 1910, the contestant filed his complaint, contesting the election of the contestee.

At the same election one Ashley Cooper and one W. L. Nichols were opposing candidates for the office of county clerk of Del Norte county, and the latter, upon the official canvassing of the ballots by the board of supervisors of said county, was officially declared to have been elected to said office. Later and in due time Cooper filed a contest against Nichols for the said office of clerk.

The court, having been duly notified by the clerk of the filing of the contests in the two cases mentioned, ordered a special session of the court to be held on the twenty-seventh day of December, 1910, for the opening and recounting of the ballots cast for the respective offices so contested.

On the day on which the contests came up for hearing, the court, on motion of the attorney for respondent, ordered a consolidation of the two contests for the purpose of counting the ballots. (Code Civ. Proc., sec. 1125.)

A motion for a nonsuit was granted by the court in the case at bar and the contest dismissed.

In its judgment entered upon the order granting the nonsuit the court decreed that "each party to this action pay his own costs and disbursements incurred."

The appeal here is by the contestee from that portion of the judgment binding each party to the contest to pay his own costs, etc.

The single question submitted for determination by this appeal is, therefore, whether the court erred in adjudging that each party should pay his own costs, etc., the contestee claiming that, having won the contest, he was entitled to judgment for his costs.

The right to recover costs is purely statutory, and, in the absence of a statute, no costs could be recovered by either party. (*Fox* v. *Hale & Norcross S. M. Co.,* 122 Cal. 223, [54 Pac. 731].) And it is equally true that, assuming that the legislature would have the constitutional right to enact such legislation, whether the matter of awarding costs in a given case rests in the discretion of the court must depend

upon whether the legislature has committed such discretion
to the court.

In the case at bar, whether the court was authorized, by
its judgment, to compel each party to the contest to bear
his own costs is a question which in its solution must of
necessity rest upon the proposition whether there is, in the
class of cases to which this case belongs, any statutory war-
rant for such a judgment, again assuming that such a stat-
ute would not infringe upon the provisions of the constitu-
tion inhibitory of class and special legislation.

The court below, of course, planted its judgment as to the
costs on its construction of the language of section 1125 of
the Code of Civil Procedure, which reads ''If the proceedings
are dismissed for insufficiency, or for want of prosecution, or
the election is by the court confirmed, judgment must be
rendered against the party contesting such election, for costs,
in favor of the party whose election was contested; but if
the election is annulled or set aside, judgment for costs must
be rendered against the party whose election was contested,
in favor of the party contesting the same; *provided, that where
two or more contested elections are joined for the purpose of
recounting votes as in this title provided, the costs shall be
apportioned among the parties in the discretion of the court.*
Primarily, each party is liable for the costs created by him-
self, to the officers and witnesses entitled thereto, which may
be collected in the same manner as similar costs are collected
in other cases.''

The language of the foregoing section italicized by us was
added to said section by the legislature of 1907 (Stats. 1907,
p. 643), there having been previously to said amendment no
specific provision as to costs in cases where two or more con-
tested elections were joined. And it was undoubtedly upon
that particular language that the court founded its conclusion
that it is in its discretion to apportion the costs where two or
more election contests are consolidated among the parties con-
testants and contestees.

We think the court's construction of the language of the
amendment of that section is erroneous.

It is not disputed, nor could it be, that, in a single contest
or a contest wherein the right to but one office was contested,
it would be the *duty* of the court, under the plain mandates

of the section, to award costs to the victorious party. (*Campbell* v. *Free,* 7 Cal. App. 151, [93 Pac. 1060].) In the case at bar, in other words, if the contest had not been joined with another election contest it would have been the duty of the court to have "rendered judgment against the party contesting such election, for costs, in favor of the party whose election was contested." The principle of which this provision of the section is predicated is equitable and just. When the board of canvassers, after an official canvass of the ballots cast at an election, officially declares a certain person to have received the highest number of votes cast for the office for which he has been a candidate and has therefore been elected to such office, the person so declared to have been elected is at once vested with a *prima facie* title to the office. On the other hand, any elector, to conserve the rights of the public or the people, who are entitled to be protected against usurpation of public offices by those not legally entitled to exercise the duties thereof, may, and it is his duty, if there exist probable grounds therefor, to challenge, through an appropriate proceeding, the right of a person to hold and discharge the duties of a public office. The legislature, therefore, deemed it only just to authorize the court to which the adjudication of such differences is confided to impose upon the losing party in such a contest the burden of reimbursing the victorious party for the costs which the latter has necessarily incurred by reason of such contest. Now, then, this being clearly and unquestionably the law as to costs as the legislature has laid it down in those cases where there is but a single office concerned in the proceeding before the court, such law obviously involving the only just rule as to the awarding of costs in such cases, the first question that suggests itself to the mind, when examining the amendment of section 1125 of the Code of Civil Procedure, is: Upon what just principle can there be founded any different rule as to costs where the proceeding involves the contest of more than one office from that prescribed in those cases where the proceeding involves but a single office? Or, to put the question in another form, why should not the victorious party in a contest of this character be equally as entitled, from a just view of the proposition, to his costs in a proceeding wherein and whereby the right to other offices has been contested as he confessedly would be

had his contest been fought out in a proceeding in which the right to hold the office involved was the sole and single issue?

These questions follow from the ambiguity of the language added to section 1125 by the legislature of 1907, upon which the court below obviously based its judgment in the matter of the costs, and the meaning of which must be ascertained by construction.

There is but one answer to the questions propounded. There is no just reason why the victorious parties in a single proceeding involving the right to several offices should not be awarded their costs as they would be if their respective contests were each tried alone or not joined with other similar contests in the same proceeding.

The manifest purpose of authorizing two or more contests for offices growing out of the same election to be joined in one proceeding and thus to be heard at one and the same time by the court was to minimize the expense to the parties and the trouble to the court. These contests are usually based upon propositions calling for a review or recount of the ballots cast at the election for the contested office, and where, in the same county, it is claimed that the election officers have improperly counted the ballots or so conducted their duties as that the returns made by them do not involve a true expression of the wishes of the electors with regard to several county or township offices, the investigation of a charge of that sort may just as easily be made in a single proceeding as to all the offices so contested as it may be as to one office. The bulk of the expense incurred in such contests flows from the necessity of employing special clerks to examine, count and tally the ballots under the supervision of the court, and, as before suggested, the object the legislature had in view in authorizing the joinder of such contests, where there were more than one arising from the same election, was to make the expense in prosecuting the same less onerous on each of the losing parties than it would be if each contest were prosecuted singly, and, furthermore, to save time and trouble to the court, which would otherwise be compelled to hear several different contests in as many different proceedings where all may just as conveniently be heard in one. This, we say, was the primary and paramount object of the amendment, and, while the language as to the apportionment of the costs ''among the parties in

the discretion of the court'' is, upon its face, somewhat ambiguous, yet we think that, upon a fair consideration of it and the unjust result which would inevitably follow the construction given it by counsel for the respondent and the court below, it is clear that the legislature merely intended to say that, where there were several election contests joined and heard in the same proceeding, ''the costs shall be apportioned among the *losing parties,* according as the court, in the exercise of a sound *discretion,* founded upon all the circumstances as disclosed, may deem fair and just as between such parties.'' In other words, the *discretion* vested in the court by the amendment was not intended to commit to the court the power or right to require the victorious parties to bear the necessary costs or expense to which they have been put by the contest, but to merely make an equitable and just apportionment of all the costs accruing by reason of the proceeding among those who have failed, whether the contestants or the contestees, or the contestant in the one case or the contestee in another, to sustain the grounds of contest or to refute them, it being plainly apparent that, although two contests may be joined in one proceeding, the expense attendant upon the investigation of the contest with respect to one office may be largely in excess of the expense incurred in the investigation of that of the other—as, for example, where, as here, one of the contested offices is a township and the other a county office, therefore requiring perhaps the examination and counting of more ballots to determine the contest of the right to the latter office than the contest as to the former.

The conclusion at which we have arrived is in accord with the views of the supreme court as expressed through Mr. Justice Shaw prior to the adoption of the amendment in question in the case of *Coghlan* v. *Alpers,* 140 Cal. 650, [74 Pac. 146], as follows: ''Costs would be allowed and judgment given therefor in the same manner as if the cases had not been consolidated, except that if any item should be incurred by two or more parties jointly, the court should either apportion the amount equitably among them, or provide in the judgment that there should be but one payment by the party held liable in case separate judgments were given for the same sum in favor of different parties. In either event, the consolidation would not be prejudicial to the appellant.''

Any other construction of the amendment than that with which we are in accord would place it in the power of the court in cases where there were several different contests originating out of the same election to deny to the victorious parties, who would be as of right entitled to their costs if their respective contests were heard independently of and separately from the others, reimbursement at the hands of the vanquished parties for the costs which have accrued against them by reason of the contests. In other words, the effect of respondent's contention, if sustained, would be to leave it entirely in the discretion of the court to say whether the parties winning their contests should or should not have their costs, since the right to consolidate the contests rests wholly in the court's discretion, upon the manner of the exercise of which would necessarily hinge the determination of the question whether the prevailing parties would or would not be entitled to reimbursement for their costs.

There is much force in the contention of the appellant (though the point need not be decided here) that, if the construction of the statute in question by respondent be tenable and should be sustained, the result would be that the enactment would be in violation of several provisions of the constitution. (Sec. 11, art. I; subd. 33 of section 25, art. IV; *Bloss v. Lewis*, 109 Cal. 496, [41 Pac. 1081]; *Darcey v. Mayor etc.*, 104 Cal. 645, [38 Pac. 500].)

It follows from the foregoing views that the judgment, in so far as it undertakes to adjudicate the matter of costs by apportioning them among all the parties to the contest, is erroneous. The part of the judgment appealed from is, therefore, reversed, with directions to the court below to so modify it as to allow to the contestee the costs legitimately accruing against him by reason of the contest.

Chipman, P. J., and Burnett, J., concurred.