[Civ. No. 14715. Second Dist., Div. Three. Mar. 19, 1945.]

LOUIS BUDWAY, Appellant, v. JOE HOLLIBAUGH, Respondent.

474

Louis Budway, in pro. per., for Appellant.

Harry R. Simon for Respondent.

WOOD (Parker), J.—Contestant, Louis Budway, appeals from a judgment rendered in favor of defendant, Jonathan J. Hollibaugh, in an election contest.

Contestant filed with the county clerk a written statement of contest which set forth that at an election held on April 11, 1944, the contestant, defendant and three other persons were candidates for the office of city councilman of the city of Huntington Park, at which time two councilmen were to be elected; that the election was held and defendant received 1,502 votes, Wendell W. Schooling received 1,494 votes, contestant received 428 votes, and the other two candidates each received fewer votes than contestant; that on April 18, 1944, the city council canvassed the votes, and passed a resolution declaring that defendant received 1,504 votes, Wendell W. Schooling 1,500 votes, contestant 429 votes, and the other two candidates 418 and 356 votes respectively; that in said resolution it was declared that defendant and Wendell W. Schooling were duly elected; that thereafter they ''were given the oath of office'' and they ''proceeded to exercise their office''; that Huntington Park is a city of the sixth class; that at the time defendant was sworn in as councilman ''and at all times herein mentioned he was the duly elected, qualified and acting Assemblyman of the 52nd District of the State of California, and still is, and was therefore disqualified from becoming a candidate or of qualifying or taking the oath of office of Councilman of the said City.'' The statement of contest included a prayer that it be adjudged that defendant was disqualified ''from taking and assuming'' the office of councilman, and that contestant ''was the duly elected candidate.'' The statement of contest was filed on April 20, 1944.

Defendant was directed by the court to appear on June

23, 1944, for a hearing of the contest. Defendant made an affidavit, which was served on contestant, wherein he stated that he was the contestee and that he would appear at said time set forth in said order. In a recital which preceded the findings of fact, the court stated that the cause came on for trial on June 23, 1944, before the court without a jury; that both parties appeared; and that the court heard the testimony and examined the proof offered by the parties. The court found that the allegations of the contest were true, except that it was not true defendant was disqualified, by reason of being assemblyman, from becoming a candidate for, or taking the oath of office of, councilman of the city of Huntington Park. The court found further that defendant is a duly elected, qualified and acting city councilman of Huntington Park.

It therefore appears that the questions presented to the trial court by the statement of contest were: (1) whether defendant was disqualified to become a candidate for the office of city councilman, or was disqualified to take the oath of that office, by reason of the fact that at the times he became such candidate and took such oath he was an assemblyman; and (2) whether contestant, who received the third highest number of votes, "was the duly elected candidate" in the event defendant was so disqualified. On appeal, however, the contestant asserts further that the defendant was "disqualified from holding both offices in that the duties of said offices were incompatible."

Section 19 of article IV of the Constitution of California provides: "No Senator or member of Assembly shall, during the term for which he shall have been elected, hold or accept any office, trust, or employment under this State; *provided, that this provision shall not apply to any office filled by election by the people."* (Italics added.) The office of city councilman here involved was an "office filled by election by the people." Section 9705 of the Elections Code provides: "A general municipal election shall be held in all cities of the sixth class on the second Tuesday in April in each even-numbered year." This election, on April 11, 1944, was on a date designated by that section, and defendant was elected by the people at that election. Defendant was not disqualified to become a candidate for the office of city councilman, and was not disqualified to take the oath of said office. (See

*Carter* v. *Commission on Qualification,* 14 Cal.2d 179 [93 P. 2d 140].)

The further assertion of contestant that defendant was "disqualified from holding both offices" was not an issue within the statement of contest and was not presented as an issue in the trial. This was an election contest to determine whether defendant was eligible to become a candidate for, and qualify for, the office of councilman, and was not a proceeding to determine whether he was ineligible, if properly elected as councilman, to hold the office of councilman and the office of assemblyman. That it was the intention of contestant to limit the issues to the matter of determining who was elected is indicated by his prayer that it be adjudged that he, contestant, "was the duly elected candidate." If the defendant was eligible to be elected to the office of councilman and was duly elected to that office, but was ineligible to occupy both that office and the office of assemblyman for the reason that the duties of those offices were incompatible, and if he ought to be removed from one of those offices, it does not follow that contestant should become the duly elected councilman. The question as to whether the defendant, after having been duly elected to the office of councilman, should have been removed from either the office of councilman or the office of assemblyman, if he was occupying both of those offices, is not before the court.

The judgment is affirmed.

Desmond, P. J., and Shinn, J., concurred.