[Civ. No. 6368.   Fourth Dist.   Oct. 14, 1960.]

DONNA MURRAY, Appellant, v. COACHELLA VALLEY
JUNIOR COLLEGE DISTRICT, Respondent.

Cantillon & Cantillon and R. Michael Cantillon for Appellant.

Ray T. Sullivan, Jr., County Counsel, and James H. Angell, Assistant County Counsel, for Respondent.

GRIFFIN, P. J.—Contestant-appellant Donna Murray contested a bond election held on October 13, 1959 in Coachella Valley Junior College District of the Counties of Riverside and Imperial, a public corporation, for the construction of a junior college. The contest was predicated upon the grounds that the precinct boards and members thereof rejected votes which should have been counted, i.e., 19 precinct boards erroneously rejected 46 ballots including one absentee ballot, and made other errors which, if corrected, would be sufficient to change the result of the election.

The vote as canvassed by the board showed that 5,225 votes were cast; 3,492 in favor of and 1,733 against the bonds, which showed that more than the necessary two-thirds of the electors voting were in favor of the proposition.

After contest, the trial court, on December 29, 1959, found that the board improperly rejected five ballots that should have been counted and found that 5,230 votes were cast. It further found that 3,495 votes were cast in favor of and 1,735 opposed to the proposition, still leaving the necessary two-thirds majority to carry it. On the same day, December 29, 1959, findings were filed, and then contestant filed a motion to amend the allegations of her contest to allege, upon information and belief, that certain illegal ballots were received and counted in favor of the bond issue, which ballots were in fact cast in a consolidated high school district bond election of Palm Springs. A hearing was subsequently had on the motion and it was ordered denied on January 22, 1960. Judgment was entered January 27, 1960, confirming the result of the election as declared by the governing board of respondent school district. Contestant appeals from the order denying the motion to amend and the judgment that followed.

Without a minute review of each ballot considered by the trial court, suffice to say it appears that contestant's main claim is that out of the precincts designated by contestant (19 in number), in the envelope containing the ballots were found 46 ballots which contestant questioned. Some of these were separated from the counted ballots, either by clips or by being folded or taped together, indicating that they had been rejected by the election board, without stating thereon that they were rejected ballots or giving any reason, and without complying with the requirements of Elections Code, section 7011. It is contestant's contention that these questioned ballots should all be counted on the total vote cast and if so counted

there would not be a sufficient number of affirmative votes to constitute a two-thirds majority. (Citing such authority as *Lester* v. *Fairbairn*, 32 Cal.App.2d 411 [89 P.2d 1091] ; *Starkweather* v. *Dawson*, 14 Cal.App. 666 [112 P. 736].)

In examining these contested ballots, the court held that 13 of them were "blank," 20 were marked with both "Yes" and "No," one was marked with a clear "Yes" and a smudged "No." One was a clear "No" and indicated a smudged "Yes." One had a long smudge in the "Yes" box and one had a check mark in the "Yes" box. One had a green ink mark in the corner and one had a smudged "X" in the "Yes" column. One ballot was contained in an absentee envelope which envelope was unsigned by the voter. (See Elec. Code, § 5911.) Five of these precincts reported no rejected ballots.

The court found that out of the 46 ballots, on five of the rejected ballots the intent of the voters could have been properly determined; that the result of this canvass disclosed that three "Yes" votes and two "No" votes were improperly rejected. It also discovered that one of the ballots claimed to have been rejected by the board was not found in the envelope for that precinct. ■■■■ It is the general rule that the burden is on the contestant to show that these ballots were improperly rejected. (*Starkweather* v. *Dawson, supra,* 14 Cal.App. 666, 671; *Shinn* v. *Heusner*, 91 Cal.App.2d 248 [204 P.2d 886].)

In *Starkweather* v. *Dawson, supra,* at page 672, in reference to section 1207, Political Code (now Elec. Code, §§5725-5728, 5736), it is said that that section

". . . directs that before any ballot shall be taken from the ballot-box the ballot clerk must proceed to deface the unused and spoiled ballots by drawing across the face thereof in writing-ink with a pen two lines which shall cross each other, and shall immediately place all such defaced ballots within an envelope and seal such envelope, and a majority of the election officers shall write their names across the sealed portion of the envelope. The fact that none of the ballots were so defaced is unimportant and signifies little, for the reason that the provisions of this section, as well as those contained in section 1257, are merely directory. Electors of the precinct should not be disfranchised because the election officers fail to comply with provisions which do not go to the substance of the election."

Also, on page 672, it is said:

"Therefore, it was the duty of the court, if in fact voted

ballots had been erroneously rejected, and such fact duly established or proof thereof waived, to count them for the person for whom they were voted, regardless of such acts or omissions on the part of the election board.'' [Citing cases.]

Suffice to say the finding of the trial court in reference to all of the questioned ballots, and that two-thirds majority of the votes cast were in favor of the bond issue, has sufficient evidentiary support. (Elec. Code, § 7050; *People* v. *Town of Sausalito,* 106 Cal. 500 [39 P. 937]; *City of Inglewood* v. *Kew,* 21 Cal.App. 611 [132 P. 780]; 17 Cal.Jur.2d, § 156, p. 426; *Rideout* v. *City of Los Angeles,* 185 Cal. 426 [197 P. 74]; *Covina Union High School Dist.* v. *McClellan,* 67 Cal.App. 640 [228 P. 409]; *City of Fairfield* v. *Hutcheon,* 33 Cal.2d 475 [202 P.2d 745]; Cal. Const. art. XI, § 18.) Returns are prima facie evidence of the facts they import. (*Whipley* v. *McKune,* 12 Cal. 352.) The scope of inquiry in cases of this sort is limited by the pleadings.

As to the proposed amendment of the complaint in contest after the court filed its findings and conclusions of law, we perceived no prejudicial error in the ruling of the trial court. It is true that it developed during the trial of the contest on other grounds stated that there appeared to be two different colored ballots contained in one envelope from one precinct bearing a title indicating they pertained to a consolidated Palm Springs bond election. In the affidavit in support of the motion, it is stated that these ballots related to the local district election. There is no indication that these were marked ballots in favor of or against the bonds or that they were counted among the total votes cast. It is argued that affiant had no knowledge of these facts before that time and accordingly the amendment should have been allowed and further evidence taken on the subject. (Citing *Mays* v. *Wann,* 96 Cal.App. 760 [274 P. 1020]; *Kennedy* v. *Rosecrans Gardens, Inc.,* 114 Cal.App.2d 87 [249 P.2d 593]; Code Civ. Proc., § 473.)

These cases do not involve an election contest. The law directs the court to proceed rapidly with this type of action. For example, section 8556, Elections Code, reads:

''The court shall continue in special session to hear and determine all issues arising in contested elections. After hearing the proofs and allegations of the parties and within ten days after the submission thereof the court shall file its

findings of fact and conclusions of law, and immediately thereafter shall pronounce judgment in the premises . . . ."

Contestant did not present her motion until two weeks after all evidence was in and the case was concluded. She must have had knowledge of these facts long before this time. The election was held October 13, 1959; results were declared October 20, 1959. The contest was filed November 19, 1959, but notice of motion to amend was not filed until December 29, 1959. Under section 8531, subdivision (c), Elections Code, it is required that the contestant file the contest within 30 days after the result of the vote is officially declared. The answer to this last claim of error is sufficiently set forth in *Freshour* v. *Howard,* 142 Cal. 501, 505 [77 P. 1101], where it is said:

"The proposed amendment was offered at the close of the trial, as appears by the bill of exceptions. It contained a new specification or ground of contest, and the code requires, as above appears, that the statement or ground of contest should be filed within forty days from the return day of the election. Under these circumstances it was not error on the part of the court below in refusing to allow the proposed amendment to be filed." See also *Barnes* v. *Berendes,* 139 Cal. 32 [69 P. 491, 72 P. 406]; *Gray* v. *Huntley,* 77 Colo. 478 [238 P. 53, 56].

Furthermore, the trial judge did have a hearing on the motion. He had before him the evidence taken at the trial and he fully considered it together with the motion and concluded that the motion should not be granted. No prejudicial error appears in this respect.

Judgment and order denying motion to amend are affirmed.

Shepard, J., and Coughlin, J., concurred.