[Civ. No. 860.   Third Appellate District.—November 17, 1911.]

## ASHLEY COOPER, Contestant, Respondent, v. W. L. NICHOLS, Contestee, Appellant.

CONTESTED ELECTION — CONSOLIDATION OF SEPARATE CONTESTS — DISMISSAL OF ONE CONTEST—COSTS—IMPROPER JUDGMENT—CASE APPLIED.—Where separate election contests are consolidated for the purpose of convenience in counting the votes, and one of the contests is thereafter dismissed on motion of the contestant, the contestee is entitled to recover his costs and expenses incurred in such contest; and the court improperly adjudged that each of the parties thereto shall pay his own costs. Such judgment must be reversed, with proper directions to modify the same, on the authority of *Duley* v. *Peacock, ante,* p. 418.

APPEAL from a judgment of the Superior Court of Del Norte County.   J. L. Childs, Judge.

The facts are stated in the opinion of the court.

J. F. Quinn, and James McNulty, for Appellant.

G. W. Howe, for Respondent.

CHIPMAN, P. J.—Plaintiff commenced the action as contestant against the defendant, as contestee, for the office of county clerk of Del Norte county for the purpose of having a recount of the vote cast for said office at the general election held on November 8, 1910.

It does not appear when the complaint was filed, but, on December 27, 1910, defendant filed a general and special demurrer to the complaint and, on the same day, the minutes

of the court show the following proceedings: "This being the time set for a special session of court to count the ballots in the case of *West Duley* vs. *Thomas Peacock* and *Ashley Cooper* vs. *W. L. Nichols,* and on motion of Howe these cases are consolidated for the purpose of counting. Quinn and McNulty appear for Peacock and Nichols. Quinn moves to set aside citations 980–981, and motion is denied. Quinn moves to dismiss action 980–981, and motion is denied. Quinn demurs to 980–981, and demurrer is overruled." Then follows in the transcript the answer of defendant filed December 27, 1910. Following the answer the transcript reads:

"(Title of Court and Cause.)

"No. 981, Judgment.

"On motion of the contestant and plaintiff, Ashley Cooper, in the above entitled cause, it is hereby ordered and adjudged that this cause be dismissed, and this action being one of two contest cases which were by this court on Dec. 27, 1910, consolidated and joined for the purpose of recounting votes according to sections 1111 to 1127 inc. of the Code of Civil Procedure, and, it appearing to the court as just and fair, it is hereby ordered that each party to this action pay his own costs and disbursements incurred.

"Dated in open court this 6th day of January, 1911.

"JOHN L. CHILDS,

"Judge of the Superior Court of Del Norte County, State of California."

Defendant appealed from that part of the judgment of dismissal reading, "and, it appearing to the court as just and fair, it is hereby ordered that each party to this action pay his own costs." The notice of appeal is directed to "plaintiff and to his attorneys, Messrs. Geo. W. Howe and Arthur L. Dorn," from which it may be inferred that it was one of the attorneys for plaintiff and contestant who appears in the minutes to have made the motion to consolidate the cases referred to in the minutes.

The facts disclosed by the record differ but slightly from the facts appearing in the case of *Duley* v. *Peacock, ante,* p. 418, [119 Pac. 1086], decided by this court November 8, 1911. In that case the action was dismissed on motion for a nonsuit, and the present case was dismissed on motion of the

contestant. The two cases had been consolidated and were heard together. The same question is presented in both appeals. On the authority of the case of *Duley* v. *Peacock,* the judgment is reversed, with directions to the court below to so modify it as to allow to the contestee his costs in the action.

Hart, J., and Burnett, J., concurred.