## WARREN H. CONEY v. WILLIAM A. HARNEY.

53   53<br>65  604

Defendant, on a demurrer to a plea, contended that the second count of the declaration disclosed no right of action, and insisted that, if his plea was adjudged insufficient, he was entitled to judgment on the demurrer, on the ground of the alleged fault in the declaration. *Held,* that such an objection must be considered as a general demurrer to the whole declaration, and, since one count is good, the objection cannot avail defendant, nor require the court to determine whether the count objected to is good or not.

On demurrer to plea.

Argued at June Term, 1890, before BEASLEY, CHIEF JUSTICE, and Justice MAGIE.

For the plaintiff, *John Linn.*

For the defendant, *Gilbert Collins.*

The opinion of the court was delivered by

MAGIE, J.   This action was brought for the alleged criminal conversation of defendant with the wife of plaintiff.   The declaration contained two counts.

To a plea, filed *puis darrein continuance*, plaintiff has interposed a demurrer, and thereon two questions have been argued—(1) as to the sufficiency of the plea; and (2) as to the sufficiency of the second count of the declaration.

To make clear the contention in respect to the plea, it is sufficient to say that it avers, that prior to the day laid in the declaration as the day when the alleged tort was committed, plaintiff had committed adultery with various persons; that his wife had discovered such adulteries, and afterwards filed a petition for divorce founded thereon; that plaintiff, by answer, denied the charges, and by way of cross petition charged his wife with having committed adultery with the defendant in this cause, and prayed a divorce on that ground; that issue was joined on the respective charges and evidence taken, and thereon a decree passed dismissing plaintiff's cross petition and denying the relief he sought thereby, and granting the divorce asked for by the wife in her original petition.

It has been contended, in support of the plea, that the decree therein set up is conclusive against the plaintiff as *res judicata*, and affords defendant a bar to this action.

It was argued with ingenuity and no little force, that the law ought not to permit one who has made an issue of this character and, having presumably produced all the evidence in his power, has encountered a defeat thereon, to again vex the courts by a retrial of the same issue.   Such considerations have elsewhere induced legislation providing for making the alleged adulterer a party to the divorce proceeding as co-respondent.

But no such legislation has changed our law.   We are therefore left to enforce the well settled and indisputable rule on this matter.   An estoppel, even by the judgment of a court, must be mutual to be admissible in bar, and such a judgment will bind only those who are party or privy thereto.

Here defendant was neither party nor privy. There was no mutuality, for had it been adjudicated that defendant had committed the adultery charged in the cross petition, such adjudication manifestly could not have been set up against him. Under the rule referred to, he cannot set up the adjudication in his favor.

The plea cannot therefore be supported.

It was further contended in behalf of defendant, that if the plea should be adjudged to be bad, judgment on the demurrer should be awarded in his favor, on the ground that the second count of plaintiff's declaration discloses no right of action against defendant.

A demurrer reaches back in its effect through the whole record, and, in general, attaches upon the first substantial defect. Judgment thereon is to be given upon the whole record and against the party in whose pleading the first substantial fault has occurred. *Gould Pl.*, ch. 9, § 3637. But the defect must be such as would be ground for general demurrer. *Salt Lake City Nat. Bank* v. *Hendrickson* 11 *Vroom* 52. When, upon a special demurrer to a plea, which at the argument counsel admitted could not be supported, objection was made to the declaration, the Court of Exchequer held that the case must be considered as if there were a general demurrer to the whole declaration, and if it contained any matter which would be good on general demurrer, plaintiff would be entitled to judgment. In the course of the argument the very case now before us was put to the court, and Parke, B., replied, that "it must be taken as a general demurrer to the whole declaration, and then—one count being good—how can the court give judgment for the defendant?" *Boydell* v. *Jones*, 4 *Mees. & W.* 446.

In the declaration before us there are two counts. One seems unobjectionable; the other is objected to. If the latter be assumed to be bad, it is quite obvious that judgment cannot go against the plaintiff on the whole record, for that contains one good count.

For this reason I think the sufficiency of the second count need not be considered.

The plaintiff must therefore succeed on his demurrer.