[Crim. No. 1036. First Appellate District, Division Two.—July 22, 1922.]

## THE PEOPLE, Respondent, v. THOMAS SMITH, Appellant.

[1] CRIMINAL LAW — PLACING OF WIFE IN HOUSE OF PROSTITUTION—INSTRUCTION—INTERLOCUTORY DECREE OF DIVORCE.—In a prosecution for a violation of section 266g of the Penal Code, which makes it a felony for a man to place his wife in a house of prostitution, the jury was properly instructed that an interlocutory decree of divorce does not dissolve a marriage where the time for the entry of a final decree of divorce had not arrived when the offense was committed.

[2] ID.—MISCONDUCT OF DISTRICT ATTORNEY — REFERENCE TO DIVORCE RECORD NOT IN EVIDENCE—APPEAL—FAILURE TO OBJECT IN TRIAL COURT—EFFECT OF.—Where in such a prosecution the divorce record had not been offered in evidence, it was misconduct for the district attorney in his argument to read from such record, but such misconduct cannot be urged on appeal in the absence of objection and request for instruction to disregard.

[3] ESTOPPEL—JUDGMENT—MUTUALITY.—The estoppel of a judgment must be mutual in order to be admissible against a party to an action.

APPEAL from a judgment of the Superior Court of Alameda County. George Samuels, Judge. Affirmed.

The facts are stated in the opinion of the court.

Francis J. Mannix for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment upon a verdict of a jury finding him guilty of a violation of section 266g of the Penal Code of the state of California. Said section reads as follows: "Every man who, by force, intimidation, threats, persuasions, promises, or any other means, places or leaves, or procures any other person or persons to place or leave, his wife in a house of prostitution, or connives at or consents to, or permits, the placing or leaving of his wife in a house

of prostitution, or allows or permits her to remain therein, is guilty of a felony and punishable by imprisonment in the state prison for not less than three nor more than ten years; and in all prosecutions under this section a wife is a competent witness against her husband.''

The evidence presented at the trial is not included in the record presented to us upon this appeal, and appellant's contentions are, first, that the trial court erred in a certain instruction to the jury, and, second, that the defendant was prejudiced by certain alleged misconduct of the deputy district attorney in his closing argument to the jury.

[1] The first objection is to the following instruction: ''You are also instructed, ladies and gentlemen of the jury, that it is the final judgment that grants the divorce and restores the parties to the status of single persons. The interlocutory judgment does not have that effect. It merely declares the right that the party is entitled to a divorce, a divorce to be afterward adjudged. It is the final judgment alone that grants the divorce, dissolves the marriage and restores the parties to the status of single persons, and permits each to marry again.''

''The statute does not itself declare the marriage dissolved at the expiration of the year from the interlocutory judgment. It merely suspends for one year the power of the court to dissolve it, and, in effect, provides that it becomes dissolved only when, after the expiration of that period, the court has, by its final judgment, so declared. In the meantime, the parties remain in the relation of husband and wife.''

As we have stated, the evidence is not before us and we must assume that it shows such conduct on the part of the defendant as to bring him within the provisions of said section of the Penal Code, provided he is the husband of Sarah Smith, the woman involved. It is admitted that Sarah Smith and defendant had been married and that an interlocutory decree of divorce had been entered in an action brought by her to dissolve the marriage. No final decree of divorce had ever been entered and the time at which such a decree might have been entered had not arrived when the offense charged was committed. Under such circumstances, appellant contends that Sarah Smith was not his wife within the meaning of the section of the Penal

Code involved here. The question is settled against his contention by the supreme court of this state in the case of *Estate of Dargie,* 162 Cal. 51, 53 [121 Pac. 320], where it is said: "It is the final judgment that grants the divorce. The interlocutory judgment does not have that effect. It merely declares the right: that the party is 'entitled' to a divorce, a divorce to be afterward adjudged. By the terms of the statute it is the final judgment alone that grants the divorce, dissolves the marriage, restores the parties to the status of single persons, and permits each to marry again. The statute does not itself declare the marriage dissolved at the expiration of the year from the interlocutory judgment. It merely suspends for one year the power of the court to dissolve it, and, in effect, provides that it becomes dissolved only when, after the expiration of that period, the court has, by its final judgment, so declared. In the meantime the parties remain in the legal relation of husband and wife."

The instruction of which complaint is made followed the language of the last cited case and was not erroneous.

[2] The second matter urged by appellant is that the deputy district attorney was guilty of misconduct in reading to the jury the allegations of the petition for divorce which had previously been filed by Sarah Smith against the defendant and which had resulted in the interlocutory decree mentioned. The attorney for the defendant in his argument to the jury had referred, evidently, to evidence produced by the defendant at the trial relative to his industry and good character. In reply the deputy district attorney produced the record in the divorce action, which had not been offered in evidence, and read the allegations of the complaint, which included charges of idleness and abuse. He then commented upon the fact that the defendant had failed to answer this complaint and to deny the allegations therein made. The presentation to the jury of the allegations of the complaint in the divorce action as evidence against the defendant of the facts therein recited was clearly unwarranted. The record in that action was evidence against the defendant, in favor of third parties, only as to the status of the parties to said divorce action, and not as to the facts alleged in the pleadings therein.

[3] The estoppel of a judgment must be mutual in order

to be admissible against a party to an action. In this case the state, assuredly, would not have been bound by allegations in any of the pleadings in the divorce action, and could not use the same against the defendant. (*Gill v. Read*, 5 R. I. 343 [73 Am. Dec. 73]; *Luke v. Hill*, 137 Ga. 159 [38 L. R. A. (N. S.) 559, 73 S. E. 345]; *Coney v. Harney*, 53 N. J. L. 53 [20 Atl. 736].) However, defendant cannot avail himself of this matter upon appeal because he failed to object thereto at the trial and failed to ask the court to instruct the jury to disregard the objectionable statements. The record discloses that no objection whatever was made to the reading of these allegations to the jury, despite the fact that the deputy district attorney specifically called counsel's attention to the matter and asked him to make any objections which he might have to the court.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.