[Crim. No. 198.   Fourth Appellate District.—February 25, 1937.]

## THE PEOPLE, Respondent, v. GEORGE KOVACEVICH, Appellant.

Julius Hansen for Appellant.

U. S. Webb, Attorney-General, Eugene M. Elson, Deputy Attorney-General, Dan F. Conway, District Attorney, and George DeWolfe, Deputy District Attorney, for Respondent.

JENNINGS, J.—The defendant was accused by information of the offense of having wilfully failed to provide necessary food, clothing, shelter, medical attention and other remedial care for a certain minor child of whom it was alleged he was the father. Upon arraignment defendant entered a plea of not guilty to the accusation. He was thereafter tried before a jury which returned a verdict of conviction. Judgment was thereupon pronounced whereby it was ordered that defendant be confined in the county jail of Fresno County for a period of one year. The judgment provided that pending defendant's good behavior and on the further condition that defendant pay a stated monthly sum for the child's support execution of the sentence of imprisonment should be suspended. From the judgment thus rendered defendant appeals.

The principal contention advanced by appellant is that the trial court erroneously refused to permit him to cross-examine the complaining witness relative to the paternity of the minor child named in the information. It is insisted that thereby appellant was deprived of his right to a fair trial and that consequently the judgment pronounced against him must be reversed.

Examination of the record discloses that, during the presentation of respondent's case, there was admitted in evidence, without objection by appellant, the judgment roll in a certain civil action wherein appellant was named as the defendant and the minor child named in the information was the plaintiff. The judgment which formed a part of said judgment roll decreed that the plaintiff in said action is an illegitimate minor child whose mother is the complaining witness in the criminal proceeding and that appellant is the father of said child. It was accordingly thereby adjudged and decreed that appellant should pay monthly to the plaintiff a specified sum for plaintiff's support.

The complaining witness, Ellen Colombero, testified on direct examination that she was the mother of the minor child mentioned in the information and that appellant was the child's father. She further testified that from the time

the child was born until the date of trial, a period of approximately 20 months, appellant had contributed not more than the sum of $5 to the child's support. On cross-examination appellant's counsel asked the following question: "At the General Hospital, didn't you tell the doctor and the parties in charge that you did not know who the father of the child was?" Objection to this inquiry on the ground that the question of paternity had been conclusively adjudicated by the judgment rendered in the civil action brought by the child against appellant was sustained and the trial court, after argument, ruled that the judgment in the civil action was conclusive on the issue of paternity. The court also instructed the jury that in the present proceeding the question of paternity had been determined in another action wherein it had been adjudged that appellant was the father of the minor child and that the judgment in said action was conclusive as to the relationship which existed between appellant and the child and that consequently the only question submitted for the jury's determination was whether or not appellant had unlawfully failed to support the child.

Respondent maintains that the trial court's refusal to permit any inquiry as to the child's paternity and its instruction that the issue of paternity had been conclusively determined by the judgment in the civil action was correct. In this connection, it is first observed that subdivision one of section 1908 of the Code of Civil Procedure provides that, "In case of a judgment or order against a specific thing, or in respect . . . to the personal, political, or legal condition or relation of a particular person, the judgment or order is conclusive upon . . . the condition or relation of the person." Attention is next called to subdivision six of section 1962 of the Code of Civil Procedure, which provides that, "The judgment or order of a court, when declared by this code to be conclusive," shall be deemed to be a conclusive presumption. It is finally observed that section 1102 of the Penal Code declares that "The rules of evidence in civil actions are applicable also to criminal actions, except as otherwise provided in this code." It is urged that the effect of the above-mentioned sections of the codes is that the judgment in the civil action which expressly adjudged that appellant is the father of the minor child mentioned in the information raised a conclusive presumption as to the relationship which exists between ap-

338

pellant and the child and effectively concluded the issue of paternity.

With this contention of respondent we are impelled to disagree. It is a fundamental rule of criminal procedure that in the trial of an action wherein a defendant is charged with the commission of a crime, the prosecution is required to prove every element of the offense beyond a reasonable doubt. In this respect there is a marked difference between the degree of proof which is thus required and that which is imposed upon a plaintiff in a civil action. (Code Civ. Proc., sec. 2061, subd. 5.) In the latter all that is required is that the affirmative allegations requisite to the cause of action stated by the plaintiff's complaint shall be established by a preponderance of the evidence. In the instant action it must be conceded that the issue of paternity was an essential element of the offense of which appellant was accused. (*People* v. *Swiggy,* 69 Cal. App. 574, 585 [232 Pac. 174]; *People* v. *Morrison,* 54 Cal. App. 469, 472 [202 Pac. 348].) This element the prosecution was required to establish beyond a reasonable doubt, and not by a mere preponderance of the evidence, which was all that was required of the plaintiff in the civil suit brought in conformity with section 196a of the Civil Code, which provides that the father of an illegitimate child must furnish suitable support to such child and that a civil action for the enforcement of the duty is maintainable in behalf of the child by the mother or guardian.

In 15 California Jurisprudence at page 114 it is said that "judgments in criminal proceedings are generally not competent or conclusive in civil proceedings, and *vice versa,* not only because ordinarily there is not the necessary identity of parties, but also because the same rules of evidence and degree of proof do not prevail in the two classes of proceedings". To the same effect is the text of 15 Ruling Case Law, page 1004, which declares that "It would not be just to convict a defendant by reason of a judgment obtained against him civilly by a mere preponderance of evidence."

It is apparent that the foundation for respondent's argument in support of the contention that the trial court properly denied to appellant any opportunity to make a showing regarding the paternity of the child and correctly instructed the jury that the question of paternity had been concluded by the judgment rendered in the civil action is the

principle of estoppel. The basis for the contention that appellant is estopped from disputing paternity by the judgment rendered against him in a civil action wherein he was the defendant and which it appears he unsuccessfully litigated rests in subdivision one of section 1908 of the Code of Civil Procedure which, as above noted, declares that a judgment in respect to the legal condition or relation of a particular person is conclusive upon the condition or relation of the person. It is urged that the judgment in the civil action established that the relation which exists between appellant and the child mentioned in the information is that of father and child and constituted a final adjudication of such relationship. One difficulty which immediately suggests itself with respect to the applicability of the doctrine of estoppel to the situation here presented relates to the mutuality of the estoppel. It is a recognized principle of the law of estoppel that it must be mutual and binding upon both parties. (10 Cal. Jur., p. 627; *People* v. *Rodgers,* 118 Cal. 393, 397 [46 Pac. 740, 50 Pac. 668]; *People* v. *Bass,* 15 Cal. App. 62 [113 Pac. 695]; *People* v. *Smith,* 58 Cal. App. 607, 609 [209 Pac. 248 ].) It is apparent that if appellant had succeeded in the civil action and a judgment had been rendered in his favor, respondent would not have been estopped in this proceeding by such judgment from showing that appellant is the father of the child named in the information. (*People* v. *Rodgers, supra.*) This must be true since the state which instituted the present action was not a party to the civil suit.

Furthermore, it must, we think, be conceded that the civil action in which appellant was named as the defendant was not brought for the sole purpose of determining the paternity of the child. The issue of paternity was, to be sure, an important and necessary issue in the case. It was not, however, the sole issue, and it may not be declared that the single object sought to be attained thereby was a determination of paternity. On the contrary, the suit was brought for the purpose of compelling appellant to furnish support. It may not, therefore, be successfully maintained that the civil action, whose object was to compel appellant to furnish support to the child, was a proceeding *in rem* and that the judgment in such action was one which conclusively established the status of paternity. Although the paternity of the child was a fact whose determination was essential to the adjudication of the

principal subject matter of the civil action, which was appellant's obligation to furnish support, the resulting judgment in that action could not be conclusive upon respondent which was not a party thereto. The lack of mutuality in the application of the doctrine of estoppel is therefore apparent. (Freeman on Judgments, 5th ed., vol. 2, p. 1895; vol. 3, sec. 1534, p. 3145; *Gridley* v. *Boggs*, 62 Cal. 190, 202.)

Respondent relies upon the case of *In re Madalina*, 174 Cal. 693 [164 Pac. 348, 1 A. L. R. 1629], as decisive of the proposition that the judgment in the civil action constituted a conclusive adjudication of the issue of paternity which was binding upon appellant and could not thereafter be questioned by him. The cited case is not in point on the question which is here involved and did not authorize the trial court to refuse to allow appellant an opportunity to show that he was not the father of the child mentioned in the information and to instruct the jury that the question of paternity had been conclusively determined by the judgment in the prior civil action. For the reasons herein stated it is our conclusion that the trial court committed error prejudicial to appellant with respect to these matters.

The judgment from which this appeal has been taken is therefore reversed and the cause is remanded for a new trial.

Barnard, P. J., and Marks, J., concurred.