28 Cal.Rptr. 694]

## Appellate Department, Superior Court, Los Angeles

[Crim. A. No. 5178.   Jan. 15, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. JOSEPH
GRANT, Defendant and Appellant.

948

Griffin & Griffin for Defendant and Appellant.

William B. McKesson, District Attorney, Harry Wood and Mildred M. Friedenberg, Deputy District Attorneys, for Plaintiff and Respondent.

SWAIN, P. J.—The defendant was found guilty of violating Penal Code section 270 in that he failed to support two children alleged to be his. It was admitted that the children were illegitimate. He appeals from the order granting probation and the order denying a new trial. ██ With but few exceptions, none of which exist here, an order denying a new trial in a misdemeanor case has not been appealable since Penal Code section 1466 was amended in 1961. The order granting probation is, however, appealable. (Pen. Code, § 1466, subd. 2(d).).

██ The important question here involved is: Did the court err in instructing the jury that, ". . . it is only necessary to prove the facts [of paternity] by a preponderance of the evidence"? Appellant claims that in this, as in other criminal cases, the facts must be proved beyond a reasonable doubt. The law is that when the defendant is charged with failing to provide for an illegitimate child, the facts must be proved beyond a reasonable doubt. *People* v. *Kovacevich* (1937) 19 Cal.App.2d 335 [65 P.2d 807]; *People* v. *Crawford* (1962) 205 Cal.App.2d Supp. 858 [23 Cal.Rptr. 566]. ██ The court, doubtless, relied on Penal Code section 270c which provides in part: "No other evidence shall be required to prove . . . that a person is the *lawful* father . . . of a child or chil-

dren, than is or shall be required to prove such facts in a civil action.'' (Emphasis added.) The words ''lawful father'' mean the father of a legitimate child. The father of an illegitimate child is often referred to as the natural father but is never called the lawful father. If the words ''lawful father'' mean the father of either a legitimate child or an illegitimate one, the word ''lawful'' is surplusage. We must assume that the Legislature did not intend it to be such.

In *People* v. *Alvarez* (1959) Crim.A. 3960 this court held that Penal Code section 270e was constitutional although it provided that the fact of paternity may be established by a preponderance of the evidence.

None of the above cases discuss the difference in the quantum of proof when an illegitimate child is involved as distinguished from the amount required when a legitimate child is involved but the dividing line is clear. The court erred in its instructions to the jury. We do not need to discuss any other question raised by appellant.

The order granting probation is reversed. The appeal from the order denying a new trial is dismissed.

Huls, J., and Smith, J., concurred.