[Civ. No. 22285. First Dist., Div. One. Feb. 16, 1965.]

DELBERT PATTERSON, Petitioner, v. THE MUNICIPAL COURT FOR THE SAN JOSE-MILPITAS-ALVISO JUDICIAL DISTRICT OF SANTA CLARA COUNTY, Respondent; THE PEOPLE, Real Party in Interest.

Robert Townsend and Nielsen, Backman & McKerrou for Petitioner.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., and Edward P. O'Brien, Deputy Attorneys General, for Respondent and Real Party in Interest.

BRAY, J.*—Petition for writ of prohibition (or other

*Retired Presiding Justice of the District Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

proper remedy) to restrain respondent municipal court from proceeding with prosecution of petitioner for violation of section 270, Penal Code (wilful failure to support minor child). [1]

## QUESTIONS PRESENTED

1. Will prohibition or mandamus lie?

2. The proper interpretation of section 270e Penal Code.

3. Is an interlocutory decree of divorce determining paternity res judicata in a criminal proceeding?

## RECORD

Petitioner was charged with wilful failure to support his minor child, Delbert Wayne, by complaint filed in the municipal court. On the date set for trial the court dismissed the jury for the purpose of considering motions and stipulations. It was stipulated that petitioner and Eleanor Patterson were married in September 1961; that less than three months thereafter the child, Delbert Wayne, was born; that on April 14, 1963, Mrs. Patterson filed an action against petitioner for divorce, alleging, *inter alia,* that there was one child of the marriage, Delbert Wayne; that no denial of this fact was made by petitioner; that on February 14, 1964, an interlocutory decree of divorce was entered determining that petitioner and Eleanor were the parents of said child. Petitioner denies paternity of the child. Upon the making of said stipulation the court, on motion of the district attorney, ruled that the question of paternity would be withheld from the jury on the theory that section 270e of the Penal Code requires only a civil burden of proof (i.e., preponderance of the evidence) on the issue of paternity and that the interlocutory decree of divorce is res judicata of that issue. The court then granted a continuance so that petitioner could by this petition test the correctness of the ruling and the constitutionality of the court's application of section 270e of the Penal Code as so interpreted.

### 1. *The remedy.*

The Attorney General takes the position that petitioner has an adequate remedy by appeal and that therefore a writ of prohibition will not lie.

■ It is clear from the case of *Rescue Army* v. *Municipal Court* (1946) 28 Cal.2d 460, 463-467 [171 P.2d 8], that prohibition would lie to contest the constitutionality of the crim-

---

[1] All code references herein are to the Penal Code unless otherwise noted.

inal statute under which the defendant is being prosecuted. All of the cases following *Rescue Army* are ones in which the statute upon which the particular prosecution was based was the one in question. In our case that statute is section 270, but here the attack is not upon section 270, but section 270e, which does not define the crime, but sets forth evidentiary matters in regard to sections 270 and 270a. The theory of *Rescue Army* was that the invalidity of the law went to the jurisdiction of the court to proceed to try the case. Since section 270 is not being attacked, it is obvious that the court has jurisdiction to hear the cause.

The question before us, then, is whether prohibition lies, or any other remedy, as this court has the power to issue any appropriate remedy even though the wrong remedy be sought (see 3 Witkin, Cal. Procedure (1954) Extraordinary Writs, § 71) to determine not the constitutionality of the statute under which petitioner is being presented or even the evidentiary statute, but whether the latter statute is being unconstitutionally applied. Another way of stating it is, did the court in applying section 270e act ''in excess of jurisdiction'' as the term is peculiarly applied in this state?

Volume 1 Witkin, California Procedure (1954) Jurisdiction, section 126, states that if there is denial of a fair hearing and thus a denial of due process, the act is in excess of jurisdiction. The following statement by Witkin is much in point: ''In *Moore* v. *California Minerals Products Corp.* (1953) 115 Cal.App.2d 834 [252 P.2d 1005], though the point was raised on appeal, the jurisdictional nature of the error was stated in the strongest possible language. At the conclusion of opening statements, the trial judge on his own motion summarily (and erroneously) ordered judgment on the pleadings for plaintiff, without allowing defendant to urge the sufficiency of his pleading or to seek the privilege of amendment. In reversing the judgment the court said: 'Elementary principles of due process support our conclusion that if, during a trial, the court, *sua sponte,* unearths a point of law which it deems to be decisive of the cause, the party against whom the decision impends has the same right to be heard before the decision is announced that he has to produce evidence upon the issues of fact. Denial of that opportunity deprived defendant of a substantial right to which it was entitled by virtue of the guarantee of due process.' (115 Cal.App.[2d] 837.)''

Of course for prohibition to lie the remedy of appeal must be inadequate.

■ There is no appeal from orders regarding matters of evidence, so in this case defendant's only right of appeal would be after trial and conviction. (3 Witkin, Cal. Procedure (1954) Appeal, § 19(e).) Moreover, criminal cases tried in municipal courts get special consideration; Tobriner, J., summarized the inadequacy of other remedies in these cases in *Moore* v. *Municipal Court* (1959) 170 Cal.App.2d 548, 552 [339 P.2d 196] : "The most recent cases recognize that the requirement that a defendant in a criminal case stand trial by a court which acts without or in excess of its jurisdiction is an imposition of personal hardship upon the defendant and a futile expense to the public. . . . The burden becomes particularly acute in a situation in which the defendant must appeal to the appellate department of the superior court and he has no remedy of certiorari. (See *Rescue Army* v. *Municipal Court, supra,* pp. 465-466.) "[2]

■ It is clear that if section 270e may not be applied as the court has applied it and if the interlocutory decree is not res judicata then petitioner's remedy of appeal after trial and conviction is not adequate and the trial court should be restrained from so proceeding at the trial. Such an application, if wrong, would constitute a denial of due process to petitioner. Since the possible denial of due process in this case would be an act in excess of jurisdiction, and since also the constitutional application of a statute is being attacked, prohibition is a proper remedy.

2. *Section 270e.*

■ In construing 270e we must bear in mind the fundamental rule that if a statute is reasonably susceptible of two interpretations, one of which would make the statute unconstitutional, it is our duty to adopt the other interpretation. (See 11 Cal.Jur.2d, § 61, p. 384; Civ. Code, § 3541.)

■ Section 270 in pertinent part reads: "A father of either a legitimate or illegitimate minor child who wilfully omits without lawful excuse to furnish necessary clothing, food, shelter or medical attendance or other remedial care for his child is guilty of a misdemeanor. . . ." It is obvious that paternity is an essential element of the crime defined in this section.

---

[2] Obviously, the remedy possible here is not to restrain the trial court from continuing with the trial of petitioner for violating § 270. § 270e deals only with the measure of proof to be required at the trial. Even if the trial court has proposed to apply § 270e unconstitutionally, the trial may proceed and paternity be proved under a proper interpretation of the section.

Section 270e provides in pertinent part: "No other evidence shall be required to prove . . . that a person is the lawful father . . . than is or shall be required to prove such facts in a civil action. . . . In any prosecution pursuant to Section 270, the final establishment of paternity or nonpaternity in another proceeding shall be admissible as evidence of paternity or nonpaternity."

Section 193, Civil Code, provides "All children born in wedlock are presumed to be legitimate."

Section 195, Civil Code, gives the husband the right in a criminal action brought under section 270 to dispute this presumption of legitimacy.

The first sentence of section 270e is virtually the same as the first sentence of section 6 of the Uniform Desertion and Nonsupport Act which was adopted by our Legislature in 1911, and is the only section of the uniform act adopted in California. The last sentence in 270e (dealing with the establishment of paternity in another proceeding) was adopted in 1955. Neither in California nor in any other state which has adopted this section of the Uniform Act has the constitutionality of the provision providing proof of paternity as in a civil action been directly challenged.[3]

Certain jurisdictions have held, however, that if the child was born "in wedlock," the father is precluded from raising the issue of paternity in a criminal proceeding for failure to support the child, thus holding the presumption of legitimacy indisputable. (See *Hicks* v. *State* (1924) 97 Tex. Crim. Rep. 629 [263 S.W. 291, 292] (child was conceived six months before the marriage); *Lambert* v. *State* (1933) 124 Tex. Crim. Rep. 33 [60 S.W.2d 460, 461] (child born 8½ months after separation of spouses); *People* v. *House* (1930) 259 Ill. App. 27, 29.) These cases are not applicable in California because of section 195, *supra*, which in effect, makes the presumption of legitimacy merely a disputable one in a criminal proceeding under section 270.

There can be no question but that the Legislature has the power to make birth during marriage a *disputable* presumption of legitimacy, under the rule in the leading case of *Mobile, J. & K.C.R.R. Co.* v. *Turnipseed,* 219 U.S. 35 [31

---

[3]The provision in 270e concerning proof of marriage and paternity has been adopted substantially in Ala., Alaska, Del., Idaho, Ill., N.J., N.D., Okla., Tex., Utah, Vt., W. Va., and Wis. The provision in 270e providing for admission in evidence of a judgment in another proceeding is unique in California.

S.Ct. 136, 55 L.Ed. 78, 32 L.R.A. N.S. 226], where the court said: "That a legislative presumption of one fact from evidence of another may not constitute a denial of due process of law or a denial of the equal protection of the law, it is only essential that there shall be some rational connection between the fact proved and the ultimate fact presumed, and that the inference of one fact from proof on another shall not be so unreasonable as to be purely arbitrary mandate. . . . It must not, under guise of regulating the presentation of evidence, operate to preclude the party from the right to present his defense to the main fact thus presumed." (P. 43.)

In *People* v. *Wells* (1949) 33 Cal.2d 330 [202 P.2d 53], the court pointed out, citing *Tot* v. *United States* (1943) 319 U.S. 463, 467 [63 S.Ct. 1241, 87 L.Ed. 1519], "To make a presumption of a factual element of guilt conclusive at *all* stages of the trial, or to preclude the defendant absolutely and at all stages from meeting proof of an element of guilt adduced by the prosecution, cannot be sustained." (P. 346; accord: *People* v. *Fitzgerald* (1936)[4] 14 Cal.App.2d 180, 182 [58 P.2d 718], quoting from *Manley* v. *Georgia*, 279 U.S. 1 [49 S.Ct. 215, 73 L.Ed. 575].)

However, the question before us is not the validity of the presumption, but rather the proper interpretation of section 270e, having in mind that it is firmly established in our law in a criminal case that the prosecution must convince the jury beyond a reasonable doubt that every element of the crime is present. (*People* v. *Daugherty* (1953) 40 Cal.2d 876 [256 P.2d 911]; 20 Am.Jur., Evidence, § 149; 22A C.J.S., Criminal Law, § 566; Witkin, Cal. Criminal Procedure (1963) § 341; Pen. Code, § 1096.)

In *People* v. *Kovacevich* (1937) 19 Cal.App.2d 335 [65 P.2d 807], a prosecution of the father of an illegitimate child for having wilfully failed to provide necessary food, clothing, shelter, medical attention and other remedial care[5] for an illegitimate child, the court stated: "In the instant action it must be conceded that the issue of paternity was an essential element of the offense of which appellant was accused. (*People* v. *Swiggy*, 69 Cal.App. 574, 585 [232 P. 174]; *People* v. *Morrison*, 54 Cal.App. 469, 472 [202 P. 348].) This element the prosecution was required to establish beyond a reasonable

---

[4]Overruled on another point in *People* v. *Weiss* (1958) 50 Cal.2d 535, 566 [327 P.2d 527].

[5]This language is a duplication of the wording in § 270. Apparently the prosecution was under that section although the opinion does not so state.

doubt, and not by a mere preponderance of the evidence, which was all that was required of the plaintiff in the civil suit brought in conformity with section 196a of the Civil Code, which provides that the father of an illegitimate child must furnish suitable support to such child and that a civil action for the enforcement of the duty is maintainable in behalf of the child by the mother or guardian.

"In 15 California Jurisprudence at page 114 it is said that 'judgments in criminal proceedings are generally not competent or conclusive in civil proceedings, and *vice versa,* not only because ordinarily there is not the necessary identity of parties, but also because the same rules of evidence and degree of proof do not prevail in the two classes or proceedings.' To the same effect is the text of 15 Ruling Case Law, page 1004, which declares that 'It would not be just to convict a defendant by reason of a judgment obtained against him civilly by a mere preponderance of evidence.' '' (P. 338.)

*Kovacevich* gives an additional reason for holding that the judgment in the civil action was not admissible in the criminal action. The court said: "Furthermore, it must, we think, be conceded that the civil action in which appellant was named as the defendant was not brought for the sole purpose of determining the paternity of the child. The issue of paternity was, to be sure, an important and necessary issue in the case. It was not, however, the sole issue, and it may not be declared that the single object sought to be attained thereby was a determination of paternity. On the contrary, the suit was brought for the purpose of compelling appellant to furnish support. It may not, therefore, be successfully maintained that the civil action, whose object was to compel appellant to furnish support to the child, was a proceeding *in rem* and that the judgment in such action was one which conclusively established the status of paternity. Although the paternity of the child was a fact whose determination was essential to the adjudication of the principal subject matter of the civil action, which was appellant's obligation to furnish support, the resulting judgment in that action could not be conclusive upon respondent which was not a party thereto." (Pp. 339-340.)

*Kovacevich* was decided prior to the amendment of section 270e adding the provision that the establishment of paternity in another proceeding is admissible as evidence of paternity, the addition of which makes inapplicable the reasoning in the last quoted paragraph of *Kovacevich.*

In *People* v. *Cagigas* (1945) 69 Cal.App.2d 301 [158 P.2d 971] it was contended that an instruction quoting section 193, Civil Code, to the effect that all children born in wedlock are presumed to be legitimate and stating that this presumption, ". . . can only be overcome by competent evidence on the part of the one who questions the legitimacy . . ." erroneously placed on the husband the burden of proving the illegitimacy of the child. The court said, "Assuming, without holding, that the instruction had that effect, any possible error was cured by instruction number 10, which unequivocally told the jury that they could not find defendant guilty unless the evidence satisfied them beyond a reasonable doubt that defendant was the father of the child. (See Pen. Code § 270e; *People* v. *Wallach*, 62 Cal.App. 385, 398, 399 [217 P.81]; *People* v. *Martin*, 100 Cal.App. 435 [280 P. 151].)" (P. 304.)

In *People* v. *Crawford* (1962) 205 Cal.App.2d Supp. 858 [23 Cal.Rptr. 566], the defendant was prosecuted for failing to provide for two minor children of an unwed mother. Pertinent here is the following, "A man's neglect of *a* child raises no presumption that he is guilty of violating the section. [§ 270]. Proof, beyond a reasonable doubt, that the neglected child is his, is required to make out a case. . . ." (Pp. 861-862.)

In *People* v. *Grant* (1963) 212 Cal.App.2d Supp. 947 [28 Cal.Rptr. 694], the appellate department of the superior court in determining the question of quantum of proof in a prosecution of the father of an illegitimate child for violation of section 270 seems to differentiate between the situation where the defendant is charged with being the father of an illegitimate child and one where he is charged with being the father of a child born in wedlock. The court said: "The important question here involved is: Did the court err in instructing the jury that, '. . . it is only necessary to prove the facts [of paternity] by a preponderance of the evidence'? Appellant claims that in this, as in other criminal cases, the facts must be proved beyond a reasonable doubt. The law is that when the defendant is charged with failing to provide for an illegitimate child, the facts must be proved beyond a reasonable doubt. *People* v. *Kovacevich* (1937) 19 Cal.App.2d 335 [65 P.2d 807]; *People* v. *Crawford* (1962) 205 Cal.App.2d Supp. 858 [23 Cal.Rptr. 566]. The court, doubtless, relied on Penal Code section 270e which provides in part: 'No other evidence shall be required to prove . . . that a person is the *lawful* father . . . of a child or children, than is or shall be required

to prove such facts in a civil action.' (Emphasis added.) The words 'lawful father' mean the father of a legitimate child. The father of an illegitimate child is often referred to as the natural father but is never called the lawful father. If the words 'lawful father' mean the father of either a legitimate child or an illegitimate one, the word 'lawful' is surplusage. We must assume that the Legislature did not intend it to be such.'' The court held, in effect, that 270e did not apply in the prosecution for nonsupport of the father of an illegitimate child.

We deem it unnecessary to determine whether as held in *Grant* that section 270e applied *only* to the father of a child born in wedlock and not to the father of an illegitimate child, for the reason that defendant in the case at bench is charged with being the father of a child born during wedlock and hence under any interpretation of section 270e is a ''lawful father.''

 So far as the first sentence of section 270e is concerned, it in nowise obviates the requirement that defendant's *guilt* of the crime defined in section 270 must be proved beyond a reasonable doubt. It in effect provides for a prima facie finding of paternity by such evidence as would be sufficient to determine paternity in a civil action; but, nevertheless, when the case is submitted to the jury, that body can only convict if it finds beyond a reasonable doubt that defendant is the father of the child and has failed to support it. The first sentence of section 270e provides a situation similar to proof of venue, design, motive and the like which have been held do not require proof beyond a reasonable doubt to make a prima facie case, but nevertheless, the guilt of the defendant in such case must be proved beyond a reasonable doubt. (See 9 Wigmore on Evidence, § 2497, p. 324, note 7.)

 ''It is not the law, as proposed in one of defendants' rejected instructions, that each fact in a chain of circumstances that will establish a defendant's guilt must be proved beyond a reasonable doubt. (*People* v. *Nunn,* 65 Cal.App.2d 188, 195 [150 P.2d 476]; *People* v. *Parker,* 119 Cal.App. 246, 251-2 [6 P.2d 82].) The doctrine of reasonable doubt applies to proof of *guilt* and not to the establishment of each incident or event inculpating the defendant.'' (*People* v. *Klinkenberg* (1949) 90 Cal.App.2d 608, 632 [204 P.2d 47, 613].)

In criticizing a statement in a refused instruction which stated that ''. . . each fact which is essential to complete a chain of circumstances that will establish the defendant's

guilt . . . beyond a reasonable doubt,'' the court in *People* v. *Mansour* (1951) 103 Cal.App.2d 592, 598 [230 P.2d 52] said: ''It has been held to be incorrect as a statement of the law since it is not necessary that each fact in a chain of circumstances that will establish a defendant's guilt be proved beyond a reasonable doubt. The doctrine of reasonable doubt applies to proof of guilt, and not to the establishment of each incident or event inculpating the defendant. [Citations.]'' Although provisions similar to the first sentence in 270e have been in effect in the hereinbefore mentioned states since 1920, the constitutionality of such provisions has not been attacked, nor with the exception of the cases in West Virginia and Illinois, hereinafter discussed, has any question been raised as to whether the provisions affect the quantum of proof in a criminal case. Only conjecture can be made as to why this is. Probably the very lack of attack indicates that such provisions have been applied only to the making of a prima facie case and not to the overall question of guilt.

In *State* v. *Fitzsimmons* (1952) 137 W.Va. 585 [73 S.E.2d 136] a prosecution for nonsupport of an illegitimate child, the verdict was reversed because the jury was instructed that the defendant's *guilt* could be proved by a preponderance of the evidence. The court pointed out that under a code provision the question of parentage could be established by a preponderance of the evidence, but that as to all other essentials the proof of guilt must convince beyond any reasonable doubt. (P. 139.)

In *State* v. *Kessinger* (1959) 144 W.Va. 209 [107 S.E.2d 367] the jury was likewise instructed that it could convict the defendant of failure to support his child by a preponderance of the evidence. The court referred to the code section which provided that paternity might be determined by a preponderance of the evidence, pointed out that the defendant had admitted the paternity of the child, but reversed a guilty verdict because of the instruction which would have allowed a determination of the defendant's guilt of the other elements of the charge by a mere preponderance of the evidence.

*Stanley* v. *People* (1902) 104 Ill.App. 294 was a prosecution for wife abandonment. An Illinois statute provided that in such a case the marriage need be proved by no other evidence than would be required to prove it in a civil action. The conviction was reversed because of an instruction given concerning proof of common law marriage. The court held that every material element in the indictment must be proved

beyond a reasonable doubt. It stated that a majority of the court were of the opinion that the statute "does not change the rule as to the *quantum* of evidence necessary for conviction in criminal cases; it applies to the quality of proof in such cases." (P. 294.)

The effect of 270e is somewhat similar to that provided by section 12091, which provides that possession of a pistol or revolver upon which the name of the maker, model, manufacturer's number or other mark of identification has been changed, altered, removed or obliterated ". . . shall be presumptive evidence that the possessor has changed, altered, removed, or obliterated the same." This section is a codification of a portion of the Dangerous Weapons Control Law of 1923 as amended (Stats. 1923, ch. 339). In *People* v. *Scott* (1944) 24 Cal.2d 774 [151 P.2d 517], a prosecution for having in possession an altered pistol, the constitutionality of the act making possession presumptive evidence of alteration by the possessor was challenged but upheld by the court.[6] ". . . There is nothing unreasonable in requiring the possessor to explain when and how he came into posession of a firearm whose marks of identification have been tampered with. The presumption does not impose on him the burden of proving who committed the crime, nor does it require him to persuade the jury of his innocence. He must merely go forward with evidence to the extent of raising a reasonable doubt that he tampered with the identification marks. When he has done so, he enjoys the benefit of the presumption of innocence, and it is then incumbent on the prosecution to establish his guilt beyond a reasonable doubt. [Citations.]" (P. 783.)

We do not agree with the above mentioned West Virginia cases holding that the element of paternity need not be proved beyond a reasonable doubt in order to convict a defendant of the crime of nonsupport of a minor child. We interpret 270e to provide that a prima facie showing of paternity may be made by a preponderance of evidence. Thus, in our case, the proper application of 270e would require that if a showing of paternity appears by a preponderance of the evidence the defendant need "merely to go forward with evidence to the extent of raising a reasonable doubt that" he is the father of the child.

3. *Res judicata.*

In this case the trial court coupled together the first

---

[6]Justice Carter dissented.

and last sentences of section 270e and erroneously held that the issue of paternity must be taken from the jury because the court determined that section 270e made the judgment in the divorce action res judicata of the issue of paternity. The section bears no such interpretation. It nowhere states that "the final establishment of paternity or nonpaternity in another proceeding" is res judicata of such issues. It merely provides that such establishment is admissible in evidence. The effect of the admission is only to provide a rebuttable presumption (similar to the one provided by section 193 Civil Code; namely, that a child born in lawful wedlock is legitimate) that paternity exists or does not exist, depending upon which situation the judgment indicates. Such a presumption is a reasonable one to be made from the judicial determination of an adversary proceeding on the question of paternity. It should be pointed out that the last sentence of section 270e affords, in effect, a presumption *in favor of the defendant* in a proceeding under section 270 if a favorable judgment has been obtained by him in a prior proceeding, as well as against him if the prior judgment is of that type.

We have found no case and have been cited to none which holds that a judgment in a civil action may be applied as collateral estoppel in a criminal case. In *Yates* v. *United States* (1956) 354 U.S. 298 [77 S.Ct. 1064, 1 L.Ed.2d 1356] the court made a statement by way of dicta from which respondent claims comfort. There the petitioner asserted that the determinations against the government of the court in a prior civil case (a denaturalization proceeding) were conclusive in the criminal proceeding against him for violation of the Smith Act under the doctrine of res judicata. The court held that the determinations in the civil court could not operate as a bar because the issues were not the same.

The court, however, stated: "The doctrine of collateral estoppel is not made inapplicable by the fact that this is a criminal case, whereas the prior proceedings were civil in character." (P. 335.) In *Yates*, the doctrine was being considered in favor of the defendants. The court assumed without deciding that the burden of proof in the prior denaturalization case was the same as in the criminal case. This assumption and the language quoted would not justify a conclusion that a civil judgment in a case where the burden of proof was less than that required in a criminal case could be used as collateral estoppel *against* the defendant in such case. It is easy to understand that collateral estoppel by a judgment in a civil proceeding would exist in favor of a defendant in a

criminal proceeding, where in the civil proceeding the government had not been able to meet its burden of proof, its burden there being less than required of it in the criminal proceeding. However, where the burden of proof on the state is greater in the criminal proceeding than on it in the civil proceeding, a different situation exists.

It should be pointed out that in *United States* v. *Oppenheimer* (1916) 242 U.S. 85 [37 S.Ct. 68, 61 L.Ed. 161, 3 A.L.R. 516], relied upon in *Yates*, the prior judgment being considered by the court was obtained in a criminal proceeding and not in a civil proceeding.

Respondent contends that the burden of proof in the divorce action on the issue of paternity was identical with that on the same issue here. This contention rests upon the fact that in both proceedings the moment it is shown that the child was born in wedlock, the presumption arises that the husband of the mother is the father of the child. Hence, says respondent, a prima facie case being established in either proceeding, the burden of going forward with the evidence would shift to the defendant. Then the defendant having failed in the civil proceeding to meet that burden, the fact that paternity was there proved only by a preponderance of the evidence while the People in the criminal proceeding have to prove it beyond a reasonable doubt, becomes immaterial. Respondent contends that it is defendant's failure to overcome the prima facie showing of paternity in the divorce action made by the presumption, which makes the decree res judicata here.

This is an ingenious theory. However, if it were a valid one, it would mean that any judgment in a civil action upon an issue material in a criminal action would be res judicata in the latter, regardless of whether the burden of proving a prima facie case in the civil action was met by a disputable presumption or by proof other than by a presumption. (See Witkin, Cal. Evidence, § 54.) In either situation the burden of going forward with the evidence in the civil action would shift to the defendant. A disputable presumption is merely a form of evidence and does not make a judgment based upon it more effective than one based upon evidence other than a presumption. The main answer to respondent's contention is that to make a judgment in a civil action conclusive of a material issue in a criminal action would deny the defendant in the latter of due process in that his guilt of a crime would not be proved beyond a reasonable doubt.

Cases like *People* v. *Beltran* (1949) 94 Cal.App.2d 197,

202 [210 P.2d 238]; *Sealfon* v. *United States* (1946) 332 U.S. 575 [68 S.Ct. 237, 92 L.Ed. 180]; *People* v. *Majado* (1937) 22 Cal.App.2d 323 [70 P.2d 1015], holding that a prior judgment in one criminal proceeding may be res judicata in another criminal proceeding, are not helpful on the question of whether a prior judgment in a civil proceeding where the measure of proof differs from that in a criminal proceeding may be res judicata in the latter.

With the interpretation we have given section 270e or its application, it cannot be held to be unconstitutional.

The holding in *Kovacevich, supra,* to the effect that paternity must be proved beyond a reasonable doubt, does not prevent the interpretation we have given section 270e. Although section 270e, except as to the last sentence thereof, was in effect at the time of *Kovacevich,* that case did not discuss or consider it. With the addition to the section of the last sentence and the requirement that the guilt of the defendant in a proceeding to which 270e is applicable must be determined beyond a reasonable doubt, we find no conflict with *Kovacevich.*

The People claim that the stipulation signed by the defendant is binding upon the parties, citing *Palmer* v. *City of Long Beach* (1948) 33 Cal.2d 134, 141 [199 P.2d 952]. Unfortunately, the stipulation was not brought up as an exhibit, so we do not know exactly what it contained but from the supplemental opposition it appears that petitioner stipulated only that the child was born after he married, and that there was a divorce action in which it was alleged and the court found that there was one child of the marriage. This cannot be taken to mean that defendant stipulated that the child is his.

When this case is tried the interlocutory decree of divorce may be admitted as evidence. However, the issue of paternity must be given the jury, defendant must be given full opportunity to meet the evidence and presumptions we have discussed and in order to find him guilty the jury must find him so beyond a reasonable doubt.

Let a writ issue prohibiting the trial court at the trial from taking from the jury the issue of paternity and from instructing that the interlocutory decree of divorce is res judicata on such issue.

Sullivan, P. J., and Molinari, J., concurred.